UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK TATE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DIANA NAKASHYAN, et al.,<br><br>　　　　　Defendants. | Case No.: 1:22-cv-00624 SKO (PC)<br><br>**ORDER REGARDING PLAINTIFF'S MOTION FOR SCREENING**<br><br>(Doc. 10) |

　　　　Plaintiff Derek Tate is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

　　　　Plaintiff filed a motion for screening on May 23, 2022. (Doc. 10.) Plaintiff "request(s) screening; of his 42 U.S.C. § 1983 prisoner complaint … for cognizable claims … so that service of the complaint can be made on Defendants … or amended so that Defendants can be served at a later time." (*Id*.)

　　　　Plaintiff is advised that no motion or request is necessary. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or an officer or employee of a governmental agency. 28 U.S.C. 1915A(a) ("The court *shall* review … a complaint in a civil action in which a prisoner seeks redress …" [emphasis added]). This Court is one of the busiest federal district courts in the nation and delays, unfortunately, are commonplace. It may be months before the undersigned issues a Screening Order addressing the claim or claims raised in

1 Plaintiff's complaint, as numerous prisoner complaints remain pending screening on the
2 undersigned's docket.  Plaintiff's complaint will be screened in due course, and only after the
3 Court has determined that Plaintiff has sufficiently pled a claim or claims upon which relief can
4 be granted, will the Court order service of the complaint upon any named defendant.

IT IS SO ORDERED.

Dated:    **May 26, 2022**                             /s/ *Sheila K. Oberto*
                                                      UNITED STATES MAGISTRATE JUDGE