UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK TATE,<br><br>  Plaintiff,<br><br>  v.<br><br>DIANA NAKASHYAN, et al.,<br><br>  Defendants. | Case No.: 1:22-cv-00624-SKO (PC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER**<br><br>(Doc. 38) |

Plaintiff Derek Tate is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's First Amendment retaliation claims against Defendants Custer and Nakashyan, Fourteenth Amendment substantive due process claim against Defendant Custer, and Fifth Amendment equal protection claim against Defendant Nakashyan.

## I.   INTRODUCTION

On December 1, 2023, the Court issued its Discovery and Scheduling Order. (Doc. 34.) On February 9, 2024, Defendants filed a motion to modify the scheduling order, seeking an extension of the exhaustion motion filing deadline. (Doc. 38.)

## II.   DISCUSSION

Defendants seek an extension of the deadline for filing a motion challenging the exhaustion of administrative remedies—presently set for March 1, 2024—to April 30, 2024.

(Doc. 38 at 1.) The motion is supported by the declaration of Deputy Attorney General Carolyn G. Widman. (*Id*. at 6-7.) Counsel states her investigation thus far has shown that Plaintiff filed only one grievance against Defendant Custer while housed at Kern Valley State Prison regarding an alleged due process violation arising out of the September 17, 2018 hearing. (*Id*. at 6, ¶ 3.) Plaintiff may not have exhausted his First Amendment retaliation claim against Defendant Custer. (*Id*.) Counsel has begun drafting an exhaustion-based motion for summary judgment, but because Plaintiff was housed at eight different institutions between September 17 and May 13, 2022, she needs additional time to get declarations from the grievance coordinators at each of those institutions. (*Id*.) Counsel states due to the press of business, she needs additional time to file a partial motion for summary judgment based upon a failure to exhaust administrative remedies. (*Id*. at 6-7, ¶¶ 4-6.) Counsel states the motion is not brought for the purpose of delay or harassment and will not significantly impact the progress of this matter or unfairly prejudice Plaintiff because the case has not yet been set for trial and no other deadlines will be affected. (*Id*. at 7, ¶ 7.) Defendants contend good cause exists to extend the exhaustion-based motion deadline to April 30, 2024. (*Id*. at 3-5.)

### III.   CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to modify the discovery and scheduling order (Doc. 38) is **GRANTED**;
2. The Discovery and Scheduling Order is **modified** to extend the deadline for filing a motion challenging the exhaustion of administrative remedies from March 1, 2024 to **April 30, 2024**.

IT IS SO ORDERED.

Dated:   **February 12, 2024**                    /s/ *Sheila K. Oberto*
                                                                       UNITED STATES MAGISTRATE JUDGE