UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK TATE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DIANA NAKASHYAN, et al.,<br><br>　　　　　Defendants. | Case No.: 1:22-cv-00624-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>(Doc. 42)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL EXHIBITS IN SUPPORT OF MOTION**<br><br>(Doc. 56)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' RESPONSE**<br><br>(Doc. 59) |

　　　　Plaintiff Derek Tate is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's First Amendment retaliation claim against Defendant Nakashyan,[1] Fourteenth Amendment substantive due process claim against Defendant Custer, and Fifth Amendment equal protection claim against Defendant Nakashyan.

---

[1] Plaintiff's retaliation claim against Defendant Custer was dismissed for a failure to exhaust administrative remedies on November 13, 2024. (Doc. 60.)

## I. RELEVANT BACKGROUND

On December 1, 2023, the Court issued its Discovery and Scheduling Order. (Doc. 34.) On February 12, 2024, the Court granted Defendants' motion to modify the scheduling order, extending the deadline for the filing of an exhaustion motion. (Doc. 39.)

On April 9, 2024, the Court granted Plaintiff's motion to modify the scheduling order, extending the completion of discovery and dispositive motion filing deadlines. (Doc. 41.)

On April 26, 2024, Plaintiff filed a document titled "Motion For Sanction(s) Under Rule 37; Against Defendant(s)." (Doc. 42.) Defendants opposed (Doc. 44) and Plaintiff replied (Doc. 46).

On September 30, 2024, Plaintiff filed a document titled "Plaintiff(s) Motion For Leave To File Supplemental Exhibits In Support of Plaintiffs Motion For Sanctions." (Doc. 56.) Defendants filed a response on October 21, 2024. (Doc. 58.)

On October 30, 2024, Plaintiff filed a document titled "Plaintiffs Motion to Strike: Defendant Response to the Plaintiffs EXHIBIT Supplemental IN Support of the Plaintiffs Motion For Sanctions; under LOCAL RULE 230(L)." (Doc. 59.)

## II. DISCUSSION

### A. The Parties' Briefing

#### 1. *Plaintiff's Motion for Sanctions (Doc. 42)*

Plaintiff contends that in response to his request for production of documents, Defendant Nakashyan informed him that the taped interview conducted on August 10, 2018, at Kern Valley State Prison (KVSP) was lost or destroyed. The subject of the taped interview pertained to Plaintiff's sexual misconduct allegations involving Defendant Nakashyan.

Plaintiff asserts the loss or destruction of that evidence prejudices his ability to "fully prosecute these proceedings, violating Plaintiff(s) due process requirement(s)." He states the destruction or loss of the taped interview is an "atypical hardship" for him as an incarcerated litigant. Plaintiff contends Defendants are required to maintain all Prison Rape Elimination Act (PREA) data for 10 years following the date of collection. He contends that Defendants "have demonstrated bad faith" and that their "conduct in destroying the evidence" is solely within their

control. Plaintiff asserts sanctions are appropriate because this "destruction of evidence related to and [is] directly relevant" to his complaint. He seeks to be "made whole and restored to the same position as if the taped interview had not been destroyed by Defendant(s)." He asks that default judgment be entered against the Defendants as a sanction for their conduct.

### *Defendants' Opposition (Doc. 44)*

Defendants contend that Plaintiff fails to establish the August 10, 2018, tape recording "existed in the first place." Plaintiff simply states he was interviewed by a lieutenant from the Investigative Services Unit about the sexual misconduct allegations involving Defendant Nakashyan and concludes the record "was lost or destroyed" because "Defendant Nakashyan responded that it does not exist." Defendants' opposition is supported by the Declaration of Carolyn G. Widman who states that in response to Plaintiff's discovery request for the production of any taped interviews conducted on or about August 10, 2018, she contacted the litigation coordinator at KVSP. She was informed "that no recordings exist." In preparing Defendants' opposition, Ms. Widman asked KVSP "to confirm whether the August 10, 2018 interview of Plaintiff was recorded," and will amend or supplement Defendants' opposition if necessary.[2]

### *Plaintiff's Reply (Doc. 46)*

Plaintiff contends a "taped recording of the Plaintiff(s) staff sexual misconduct allegation(s) were placed on the record," referring to a notation on grievance or appeal Log No. "KVSP-SC-19000013," leading to the conclusion of a recording exists. He states that before the interview at issue began, the lieutenant asked him to state his name and CDCR number "'for the record ….'" Plaintiff contends it is "standard investigative procedure to record" PREA proceedings, "either by video and/or audio devices" as it "may be necessary for future litigation purposes," and his interviews for other PREA complaints were recorded.

### 2. *Plaintiff Motion for Leave to File Supplemental Exhibits (Doc. 56)*

Plaintiff seeks leave to file supplemental exhibits in support of his motion consisting of a document indicating the Office of Appeals granted appeal Log No. 553173, wherein KVSP was

---

[2] Defendants' opposition has been neither amended nor supplemented.

3

1    to "conduct a thorough investigation into the loss/destruction" of the "audio taped interview"
2    relating to his grievance against Defendant Nakashyan. He states the supplemental exhibits do not
3    present new legal arguments that would prejudice Defendants, represent "evidence not available
4    to" him when he filed his motion, and will assist the Court in resolving the dispute. The exhibits
5    attached to Plaintiff's motion include: (1) Office of Appeals Decision dated 9/15/2024; (2)
6    Grievance Log No. 553173 dated 4/25/24; and (3) Appeal of Grievance Log No. 00000555997
7    dated 7/16/24.

8        Defendants state that Plaintiff's supplemental exhibits do not establish a tape recording of
9    the August 10, 2018, interview existed and Plaintiff's grievance "asserts the same conclusory
10   allegation as Plaintiff asserted in his motion for sanctions." Defendants also assert the Office of
11   Appeals' decision does not establish that a recording was created or that KVSP was obligated to
12   record and preserve the interview. Rather, the decision ordered KVSP "to determine if there was
13   an obligation to provide Plaintiff with a form (CDCR 1030) regarding the August 10, 2018
14   investigation."

15       Plaintiff's motion to file supplemental exhibits is granted and the supplemental exhibits
16   will be considered by the Court in resolving the instant motion.

17       **3.**    ***Plaintiff's Motion to Strike Defendants' Response (Doc. 59)***

18       Plaintiff moves to strike Defendants' response to his supplemental exhibits as a sur-reply
19   because Defendants failed to obtain the Court's leave to file the response.

20       Pursuant to Local Rule 230(*l*), Defendants had 21 days within which to file an opposition
21   or response to Plaintiff's September 30, 2024, motion concerning supplemental exhibits.
22   Defendants timely filed a response indicating they did not oppose the submission of Plaintiff's
23   supplemental exhibits. Defendants also asserted those exhibits do not support Plaintiff's motion
24   for sanctions. Defendants' response is not a sur-reply—it is a proper response to Plaintiff's
25   separate motion. Plaintiff's motion to strike Defendants' response is denied.

26       **B.   Applicable Legal Standards Pertaining to Discovery Sanctions**

27       "District courts have 'broad discretion to manage discovery and to control the course of
28   litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. Cty. of Orange*, 672 F.3d 606, 616

(9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)). "The purpose of discovery is to make trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest extent possible, and to narrow and clarify the issues in dispute." *Jadwin v. Cnty. Of Kern*, No. 1:07-cv-0026-OWW-TAG, 2008 WL 2025093, *1 (E.D. Cal. May 9, 2008) (quotation & citations omitted). As such, litigants are entitled to seek from each other discovery of information that is "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b).

In requiring the production of documents and other tangible things "in the responding party's possession, custody, or control," Federal Rule of Civil Procedure 34(a)(1) contemplates only the production of existing items since something that does not exist cannot be possessed, held, or controlled. "Rule 34 cannot be used to require the adverse party to prepare, or cause to be prepared, a writing to be produced for inspection, but it can only be used to require the production of things in existence." *Soetaert v. Kansas City Coca Cola Bottling Co.*, 16 F.R.D. 1, 2 (W.D. Mo. 1954).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4).

"Spoliation is an evidentiary doctrine under which a district court can, in its discretion, sanction a party that destroys evidence, if the party is on notice that the evidence is potentially relevant to pending litigation." *Leeson v. Transamerica Disability Income Plan*, 279 F. App'x 563, 565 (9th Cir. 2008). A party seeking spoliation sanctions must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1078 (N.D. Cal. 2006).

Additionally, Federal Rule of Civil Procedure 37 provides: "If electronically stored

information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court: (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may: (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment." Fed. R. Civ. P. 37(e).

### C. Analysis

Plaintiff contends his interview of August 10, 2018, was tape recorded by an ISU lieutenant,[3] while Defendants assert no such recording exists.

"'One of the elements of a spoliation claim is that the party must demonstrate the evidence actually existed and was destroyed.'" *Conan v. City of Fontana*, No. EDCV 16-1261-KK, 2017 WL 3530350, at *3 (C.D. Cal. Aug. 16, 2017). "Before the elements of a spoliation claim can be evaluated, it is fundamental that the party seeking sanctions establish that the evidence in question currently exists in an altered form, or previously existed. This is an essential prerequisite to any spoliation claim and is where Plaintiff's motion is wanting." *Jacobsen v. California*, No. 1:14-cv-00108-JLT (PC), 2017 WL 2654749, at *2 (E.D. Cal. June 20, 20217).

Plaintiff fails to establish that the audio recording of August 10, 2018, actually exists. While Plaintiff contends such a recording exists and testified at his deposition that his interview on that date was audio recorded, Defendants' response to Plaintiff's request for production of documents states that following a "reasonable and diligent search" no such recording exists.[4] The Court cannot compel production of an item that does not exist and will not grant a motion concerning spoliation of evidence where the moving party has failed to establish the evidence sought actually existed. *Conan*, 2017 WL 3530350, at *3; *Jackson*, 2017 WL 2654749, at *2; *see*

---

[3] During his deposition taken April 2, 2024, Plaintiff testified a lieutenant assigned to the Investigative Services Unit "taped the interview" and that it was "on the record." (Tate Depo., at 42-43.)

[4] *See Coppola v. Smith*, No. 1:11-cv-1257-AWI-BAM, 2016 WL 726903, at *2 (E.D. Cal. Feb. 23, 2016) (in responding to discovery requests, party must make a reasonable inquiry and use due diligence).

6

*also, e.g.*, *Crook v. San Bernardino County Sheriff's Department*, No. 5:22-cv-00010-JVS (SP), 2023 WL 4681622, at *1 (C.D. Cal. May 25, 2023 ("plaintiff continues to insist that defendants have not produced all video and audio recordings responsive to her request, but still provides no evidence that undermines defendants' representation that they produced all responsive recordings recovered after a diligent search"); *Arline v. Cornejo*, No. 22cv284-DMS(LR), 2023 WL 8264556, at *4, 5 (S.D. Cal. Nov. 28, 2023) ("the mere contention that evidence must exist is insufficient to establish that it did exist and was subsequently destroyed, especially when evidence presented by the opposing party heavily refutes such assertions"); *Dickson v. Gomez*, No. 1:17-cv-00294-ADA-BAM (PC), 2023 WL 6213624, at *5-6 (E.D. Cal. Sept. 25, 2023) ("Mere distrust and suspicion regarding discovery response do not form a legitimate basis to further challenge responses which are facially legally sufficient"); *Neal v. Walker*, No. 4:21-cv-04068, 2022 WL 257825, at *1 (W.D. Ark. Jan. 26, 2022) ("Defendants have stated to the Court the requested audio and video recordings do not exist in the MCDC's systems. Defendants cannot preserve what does not exist").

Plaintiff's claim that the audio recording was destroyed is pure speculation. There is nothing in this record to indicate an audio recording existed, let alone was destroyed. *See Dickson*, 2023 WL 6213624, at *5-6; *James v. Lee*, Nos. 16-cv-01592-TWR-JLB/17-cv-00859-TWR-MDD, 2021 WL 2221394, at *5 (S.D. Cal. June 2, 2021) ("there is no evidence before the Court that Defendant has destroyed any evidence or otherwise acted in bad faith during discovery. As discussed, Plaintiff merely speculates that audio recording(s) of the entire incident in the 5AC exist whereas Defendant has produced evidence that interactions between inmates and line staff—which comprised most of the underlying incident—are not typically recorded"). Simply put, there is no evidence Defendants took any action to destroy the purported taped recording.

Nor do Plaintiff's exhibits support his assertions. For instance, KVSP SC 19000013 is the institutional response to a health care staff complaint. It merely states Plaintiff "was interviewed" on August 10, 2018; it does not state the interview was recorded. Nor does Plaintiff's reference to C.C.R. 15 § 3999.231(b) support Plaintiff's position. No mention of a required recording appears in that section, and Plaintiff's assertion that the referenced "standard investigatory procedures"

require such a recording is unpersuasive.

Although Plaintiff contends the audio recording involving his PREA claim against Defendant Nakashyan is "directly relevant" to his claims in this action, this assertion rings hollow in light of his deposition testimony. During his deposition, Plaintiff testified as follows:

> So this is what - - this is - - I don't think you're understanding. The PREA violation is not why I filed - - I'm filing - - [¶] My claims are based on retaliation. The PREA violation is incidental to the retaliation claims. Once I spoke with the ISU lieutenant, very shortly after that I was written up for - - the RVR was written. [¶] So my lawsuit is not based on a PREA complaint. The PREA complaint is incidental to retaliation. The retaliation is the claim that I put forward, not the PREA complaint. The PREA complaint is the motivation for the retaliation.

(Tate Depo., at 47-48.) Later, Plaintiff testified: "But the PREA, the PREA violation is not why I filed the lawsuit. I filed the lawsuit based on retaliation for complaining about the doctor's behavior." (*Id*., at 48.)

There is no dispute that Plaintiff was *interviewed* on August 10, 2018, regarding his claims of sexual misconduct by Defendant Nakashyan, and providing evidence concerning the substance of any related PREA complaint via an audio recording is not required to prove a First Amendment retaliation claim. The substance of Plaintiff's complaint against Nakashyan, to the extent it is relevant, could be the subject of testimony at a future trial in this matter. For these reasons, Plaintiff's assertion that any recording concerning sexual misconduct by Nakashyan is "directly relevant" to his retaliation claim against Nakashyan is unpersuasive. *In re Napster,* 462 F. Supp. 2d at 1078.

Lastly, the Court notes it is unclear whether any audio recording would have been in the custody or control of either Defendant Nakashyan or Defendant Custer. Thus, even assuming a recording existed, it appears unlikely Plaintiff could demonstrate possession by either named defendant. *In re Napster*, 462 F. Supp. 2d at 1078; *see also, e.g*., *Certified Nutraceuticals, Inc. v. Clorox Co*., No. 3:18-CV-00744-W-KSC, 2020 WL 4339489, at *5 (S.D. Cal. July 28, 2020) ("It is well-established that the Court cannot compel production of that which does not exist or is not in the possession and control of defendants"); *Arline*, 2023 WL 8264556, at * 5 ("Plaintiff has not demonstrated … that the named defendants in this case had anything to with [the video footage's]

unavailability").

### D. Summary

In sum, Plaintiff has not demonstrated an audio recording of his interview existed in the first instance. Nor has Plaintiff demonstrated that Defendants destroyed such a recording.

Plaintiff's motion to compel discovery (Doc. 48), Defendants' motion for summary judgment addressing the merits of Plaintiff's claims (Doc. 50), and "Plaintiff's Request to Deny Defendant's Motion for Summary Judgement Under Rule 56(d)(1)); (2); (3)" remain pending and will be addressed in due course.

### III. CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for sanctions (Doc. 42) is **DENIED**;
2. Plaintiff's motion for leave to submit supplemental exhibits (Doc. 56) is **GRANTED**; and
3. Plaintiff's motion to strike Defendants' response (Doc. 59) is **DENIED**.

IT IS SO ORDERED.

Dated:     **December 2, 2024**              /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE