UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK TATE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DIANA NAKASHYAN, et al.,<br><br>　　　　　Defendants. | Case No.: 1:22-cv-00624-SKO (PC)<br><br>**ORDER ISSUING STAY OF THESE PROCEEDINGS PENDING RESOLUTION OF PENDING MOTIONS** |

**I.     INTRODUCTION**

Since late April 2024, nine substantive motions have been filed in this matter. (*See* Docs. 42, 43, 48, 50, 52, 56, 59, 65, 66.) Thus far, the Court has resolved four of those motions. (*See* Docs. 60 [resolving Doc. 43], 61 [resolving Docs. 42, 56, 59].) As of this date, Defendants' motion for summary judgment addressing the merits of Plaintiff's claims (Doc. 50), Plaintiff's motions relating to summary judgment (Docs. 52, 65, 66), and Plaintiff's motion to compel (Doc. 48) remain pending resolution.[1]

On December 19, 2024, Plaintiff filed a document titled "Plaintiffs Objections To The Magistrates Judges Ruling For Sanctions Under Rule 37(e)." (Doc. 63.) Plaintiff's filing seeks reconsideration of the Court's ruling issued December 2, 2024.

---

[1] On December 14, 2023, this action was reassigned to the undersigned "for all further proceedings, including trial and entry of judgment." (*See* Doc. 37.)

The undersigned carries a heavy caseload, as do all the judges in this district, thus delays are inevitable. Simply put, the Court's limited resources are overburdened. Plaintiff's recent filings of December 19 and December 30, 2024, and January 10, 2025, while important to Plaintiff, coupled with the earlier filed motions by the parties, may further delay these proceedings. To conserve its limited resources, the Court considers *sua sponte* a stay of these proceedings.

## II.   DISCUSSION

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). The "power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. The exertion of this power calls for the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). And courts have the power to consider stays *sua sponte*. *Ali v. Trump*, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. 2017).

In considering a stay of proceedings, a court must the weigh competing interests that will be affected by the grant or refusal to grant a stay, including: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc.*, 300 F.2d at 268.

### *The Risk of Possible Damage*

Here, there is no possible damage that may result from granting a stay of this action. Discovery has concluded[2] and the matter has not yet been set for trial. The stay considered by the Court is not indefinite. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007) ("Generally, stays should not be indefinite in nature"). It is a

---

[2] To the extent resolution of Plaintiff's motion to compel is determined to require additional discovery, the Court will address that circumstance should it arise.

temporary stay that will not cause any unnecessary delay of the resolution of the case. And absent a stay, Plaintiff will likely continue to file motions or requests that may tax additional resources and add to the backlog of motions pending in this action. Therefore, this factor weighs in favor of a stay.

### *The Possibility Hardship or Inequity*

There is little possibility of hardship or inequity that may be suffered by any party by issuance of a stay. Plaintiff and Defendants have motions pending resolution by the Court. This temporary stay will help ensure that all pending motions are resolved before any additional action can be taken by the parties absent those permitted by this order. The Court finds this factor weighs in favor of a stay.

### *The Orderly Course of Justice*

The Court finds this final factor also weighs in favor of a stay. The Court is currently dealing with a backlog of motions in this action. The Court finds a stay will promote judicial economy as it will temporarily limit the filing of additional motions or requests, while the Court addresses the motions previously filed and addresses Plaintiff's "objections" to the order denying his request for sanctions. Finally, the Court finds a stay of these proceedings would not complicate the issues, proof, or any applicable questions of law.

In sum, the Court finds a temporary stay of these proceeding is warranted. *See also, e.g.*, *Hart v. Weyrich*, No. 2:23-cv-884, 2023 WL 5015616, at *1-2 (W.D. Wash. Aug. 7, 2023) (imposing *sua sponte* stay to allow court to address pending motions); *Hill v. Payne*, No. 6:21-cv-6029, 2022 WL 22017673, at *3 (W.D. Ark. Feb. 18, 2022) (finding temporary restriction of motion filing reasonable in light of court resources); *Liberi v. Taitz*, No. SACV 11-0485 AG (AJWx), 2011 WL 13143549, at *5 (C.D. Cal. June 14, 2011) (imposing motion filing restriction and noting the "flood of filings before the Court"); *Linear Technology Corp. v. Impala Linear Corp.*, No. C-98-1727 VRW, 2001 WL 36126932, at *4 (N.D. Cal. Sept. 21, 2001) (noting a "blizzard of motions," staying further proceedings, and directing that no further motions may be filed without leave of court); *see also Cole v. Xlibris Corp.*, No. 1:05 CV 303 M D, 2006 WL 980808, at *2 (N.D. Miss. Apr. 12, 2006) (noting pro se plaintiff "filed multiple motions and

appeals" and stating "plaintiff shall file no further motions of any kind… Should the plaintiff attempt to file motions in violation of this order, the motions will not be filed, acknowledged or acted on at any time").

### *Limited Anticipated Briefing Will Be Permitted*

The Court recognizes Plaintiff's filings of December 30, 2024, and January 7, 2025, mean that Defendants have not yet had an opportunity to file any opposition. And Plaintiff has not yet had an opportunity to file a reply to any such opposition. *See* Local Rule 230(*l*). Therefore, any opposition or reply *related only to those filings* will be exempt from this stay. Specifically, Defendants may file an opposition to: (1) "Plaintiffs Request to Supplement: Request to Deny Defendants Motion for Summary Judgement Under Rule 56(d)" (Doc. 65) filed December 30, 2024; and (2) "Plaintiffs Motion To: Strike Defendants Unilateral Redacted Exhibits; Pursuant to Rule 5.2" (Doc. 66) filed January 7, 2025. If Defendants oppose, Plaintiff may file a reply.

### III.   CONCLUSION AND ORDER

For the foregoing reasons, the Court **HEREBY ORDERS** as follows:

1. This action is **STAYED** pending the Court's issuance of rulings on the motions currently pending on its docket;
2. Defendants may file any opposition to Plaintiff's filings of December 30, 2024 (Doc. 65) and January 7, 2025 (Doc. 66), as set forth in Local Rule 230(*l*);
3. Plaintiff may file a reply to any opposition filed by Defendants, and only as to those referenced above, as set forth in Local Rule 230(*1*); and
4. The parties shall not file any additional motions or requests, or any additional briefing not expressly set forth in this Order, until the Court lifts the stay of these proceedings.

IT IS SO ORDERED.

Dated:   **January 14, 2025**              /s/ *Sheila K. Oberto*
                                                                   UNITED STATES MAGISTRATE JUDGE