1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   DEREK TATE,                              Case No.: 1:22-cv-00624-SKO (PC)

12              Plaintiff,                     **ORDER GRANTING IN PART AND**
                                               **DENYING IN PART PLAINTIFF'S**
13        v.                                   **MOTION TO COMPEL**

14   DIANA NAKASHYAN, et al.,                  (Doc. 48)

15              Defendants.                    **ORDER DENYING PLAINTIFF'S**
                                               **CONSTRUED MOTIONS FOR**
16                                             **RECONSIDERATION**

17                                             (Docs. 62 & 63)

18

19        **I.       BACKGROUND**

20             The undersigned issued a temporary stay of these proceedings on January 14, 2025. (Doc.

21   68.) Specifically, the action was stayed pending the Court's determination of the following

22   motions:

23             1.  Plaintiff's motion to compel (Doc. 48);

24             2.  Defendants' motion for summary judgment (Doc. 50); and

25             3.  Plaintiff's motions relating to summary judgment (Docs. 52, 65 & 66).

26   Additionally, before issuance of the stay, Plaintiff filed two documents titled "Plaintiffs

27   Objections …" to this Court's November 13, 2024, and December 2, 2024, orders. (Docs. 62 &

28   63). Plaintiff's objections are construed by the Court as motions for reconsideration as discussed

1    more fully below.

2        This order resolves Plaintiff's motion to compel and the construed motions for

3    reconsideration. The remaining motions, all pertaining to summary judgment, will be resolved

4    separately. The action remains stayed pending resolution of the summary judgment motion and

5    related motions.

6        **II.    PLAINTIFF'S ALLEGATIONS**

7        In asserting a First Amendment retaliation claim against Defendant Nakashyan, Plaintiff

8    alleges Nakashyan took adverse action against him in the form of filing a false Rules Violation

9    Report (RVR) that resulted in his removal from the Enhanced Outpatient Program (EOP) program

10   at Kern Valley State Prison (KVSP) because Plaintiff filed a Prison Rape Elimination Act

11   (PREA) complaint against Nakashyan. He further contends Nakashyan called Plaintiff's primary

12   care clinician at another facility and that because of Nakashyan's call, Plaintiff was removed from

13   that facility's EOP program. Regarding Plaintiff's Fifth Amendment equal protection violation

14   claim against Nakashyan, Plaintiff alleges Nakashyan intentionally treated Plaintiff differently

15   than other EOP participants and that there was no reasonable basis for the difference in his

16   treatment.

17       In asserting a retaliation claim against Defendant Custer, Plaintiff alleges Custer refused

18   to allow Plaintiff to call Nakashyan as a witness at his disciplinary hearing following issuance of

19   the RVR and instead called Sergeant C. Alvarez so that Alvarez could deny any retaliatory

20   motive by Nakashyan associated with Plaintiff's PREA complaint. And in asserting a Fourteenth

21   Amendment due process violation, Plaintiff alleges Custer refused his request to call Nakashyan

22   as a witness at the related disciplinary proceeding and later lied about having done so.

23       **III.    DISCUSSION**[1]

24           *Plaintiff's Motion to Compel (Doc. 48)*

25       Briefly summarizing the 174-page[2] filing, Plaintiff primarily seeks further responses to his

---

[1] This Court thoroughly reviewed and considered the parties' submissions in arriving at its conclusions.

[2] The filing is comprised of Plaintiff's argument (Doc. 48 at 1-62), declaration stating he is proceeding *in forma pauperis* and has "personal knowledge of the fact(s) contained" in the motion (*id.* at 67), and the following exhibits: Exhibit A (*id.* at 66-84 [Defendant D. Nakashyan's Responses to Plaintiff's Requests

1    discovery requests from Defendant Nakashyan, alleging she failed to adequately respond despite

2    his meet and confer efforts. Plaintiff contends Defendant has a duty to disclose relevant

3    information and that her responses to his request for production of documents was inadequate,

4    incomplete and/or evasive.

5        Plaintiff provides examples of Defendant's purported repeated failures "to disclose

6    confidential investigative document(s) relevant" to his claims. Plaintiff contends Defendant's

7    "privilege claim(s) fail" under the Federal Rules of Civil Procedure and the Federal Rules of

8    Evidence. Plaintiff states he "has largely requested personnel file(s) concerning

9    appeal/grievance(s) investigation(s) and finding(s)" and contends they are "proper to obtain

10    information for purposes such as cross-examination." Plaintiff asserts Defendant's privilege log

11    "fail(s) to sufficiently identify the subject matter of the document(s) being withheld" and he

12    appears to contend that because Defendant Nakashyan claims she was never interviewed about

13    Plaintiff's staff misconduct complaints, she "cannot provide" an adequate response in the

14    privilege log. Plaintiff maintains he would be "greatly prejudiced without the document(s)

15    requested" as he would be unable to support his claims.

16        Plaintiff also seeks further responses from Defendant Custer.

17

18

19    _____

20    for Production of Documents]), Exhibit B (*id*. at 86-88 [CDCR-22 forms dated 7/17/2018, 7/21/2018 & 8/5/2018]), Exhibit C (*id*. at 90 [Rules Violation Report dated 8/14/2018]), Exhibit D (*id*. at 92-93 [Third Level Appeal Decision dated 6/18/2019]), Exhibit E (*id*. at 95-97 [Allegation Inquiry or Investigation Completion Notices from the California Correctional Health Care Services dated 4/23/2019 and 4/26/2019]), Exhibit F (*id*. at 99 [Rules Violation Report ordering rehearing]), Exhibit G (*id*. at 101-109 [Declaration of Derek Tate in Response to Defendant(s) Rule 34 Production Request(s)]), Exhibit H (*id*. at 111-114 [Correspondence from the California Board of Psychology dated 9/7/2018 & 9/13/2018]), Exhibit I (*id*. at 115 [Page 2 of a letter dated 3/29/2024 concerning Defendant's response to Plaintiff's Interrogatory No. 11]), Exhibit J (*id*. at 117 [completed California Board of Psychology release form]), Exhibit K (*id*. at 119-130 [Defendant Nakashyan's Amended Responses to Plaintiff's First Set of Interrogatories (Nos. 3, 5 & 15]), Exhibit L (*id*. at 132-135 [copy of "Article 44 – Prison Rape Elimination Policy" from the Department of Corrections and Rehabilitation Operations Manual]), Exhibit M (*id*. at 136-138 [copy of Title 15 sections 3401.5 & 3401.6]), Exhibit N (*id*. at 139-150 [the Declarations of J. Kern and B. Hancock submitted in support of the privilege log to Defendant's Responses to Plaintiff's First Set of Requests for Production of Documents]), Exhibit O (*id*. at 152-167 [Defendant J. Custer's Responses to Plaintiff's First Set of Requests for Production of Documents]), and Exhibit P (*id*. at 169-173 [Third Level Appeal Decision dated 9/10/2019 & CDCR Form 602 Inmate/Parolee Appeal dated 1/27/2019]).

21

22

23

24

25

26

27

28

1

<u>Defendants' Opposition</u>[3]

2      Defendants contend Plaintiff's motion is untimely because it was signed and dated June

3   17, 2023, two days after the June 15, 2023, deadline for the completion of discovery and filing of

4   all motions to compel. (Doc. 49 at 3.) Defendants further contend Defendant Nakashyan's

5   response to Plaintiff's production requests was proper (*id*. at 4-13), as was Defendant Custer's

6   response to Plaintiff's production requests (*id*. at 13-14).

7

<u>Applicable Legal Standards</u>

8      The Court is vested with broad discretion to manage discovery and control its docket.

9   *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936); *Hunt v. County of Orange*, 672 F.3d 606, 616

10  (9th Cir. 2012); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

11      Rule 26 of the Federal Rules of Civil Procedure provides that a party "may obtain

12  discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

13  proportional to the needs of the case, considering the importance of the issues at stake in the

14  action, the amount in controversy, the parties' relative access to relevant information, the parties'

15  resources, the importance of the discovery in resolving the issues, and whether the burden or

16  expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

17  Information need not be admissible in evidence to be discoverable. *See, e.g., Ford v. Unknown*,

18  No. 2:21-cv-00088-DMG-MAR, 2023 WL 6194282, at *1 (C.D. Cal. Aug. 24, 2023). "Evidence

19  is relevant if: (a) it has any tendency to make a fact more or less probable than it would be

20  without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid.

21  401. Although relevance is broadly defined, it does have "ultimate and necessary boundaries."

22  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978).

23      In response to a party's request for production of documents, the receiving party "is

24  obliged to produce all specified relevant and nonprivileged documents or other things which are

25  in its 'possession, custody or control' on the date specified in the request." *Jadwin v. Cnty. Of*

26  *Kern*, No. 1:07-cv-0026-OWW-TAG, 2008 WL 2025093, at *1 (E.D. Cal. May 9, 2008) (quoting

27  Fed. R. Civ. P. 34(a)). "Relevancy, for the purposes of discovery, is defined broadly, although it

28

---

[3] Plaintiff did not file a reply in response to Defendants' opposition.

1   is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc*., 234 F.R.D. 674,

2   679-80 (N.D. Cal. 2006).

3       A motion to compel is appropriate where a party fails to produce relevant, non-privileged

4   documents requested pursuant to Rule 34 that are in the responding party's possession, custody,

5   or control. Fed. R. Civ. P. 37(a)(3). If a party, in response to a request for production under Rule

6   34, fails to produce or permit inspection, the discovering party may move for an order compelling

7   production. *Id*. An evasive or incomplete answer or response to a discovery request "must be

8   treated as a failure to disclose, answer or respond." Fed. R. Civ. P 37(a)(4).

9       As a general rule, if a responding party objects to a discovery request, the party moving to

10  compel bears the burden of demonstrating that the objections are unjustified. *See, e.g*., *Grabek v.

11  Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012);

12  *Womack v. Virga*, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21,

13  2011). This requires the moving party to inform the court which discovery requests are the

14  subject of the motion to compel, and, for each disputed response, why the information sought is

15  relevant and why the objections lack merit. *Grabek*, 2012 WL 113799, at *1; *Womack*, 2011 WL

16  6703958, at *3.  The opposing party is "required to carry a heavy burden of showing why

17  discovery was denied." *Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975).

18      A motion to compel is not the appropriate vehicle in which to argue the overall merits of

19  the case. *Hoffman v. Jones*, No. 2:15-CV-1748-EFB P, 2017 WL 5900086, at *8 (E.D. Cal. Nov.

20  30, 2017), report and recommendation adopted, 2018 WL 497370 (E.D. Cal. Jan. 22, 2018).

21  Discrepancies between facts and evidence is not a basis to compel a further response or to attempt

22  to force a party to change a response; rather, it is fodder for a party to attempt to impeach a

23  witness or to contradict testimony at trial and/or dispositive motion. *See Jacobs v. Quinones*, No.

24  1:10-CV-02349-AWI-JLT, 2015 WL 3717542, at *8 (E.D. Cal. June 12, 2015); *see Hoffman*,

25  2017 WL 5900086, at *8.

26      Federal common law recognizes a qualified privilege for official information, referred to

27  alternatively as the "official information privilege" or the "law enforcement privilege." *See

28  Duenez v. City of Manteca*, No. 2:11-cv-1820 LKK AC, 2013 WL 684654, at *4-5 & n.1 (E.D.

Cal. Feb. 22, 2013) (citing *Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 511 F.2d 192, 197 (9th Cir. 1975)); accord *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990)). To properly invoke the official information privilege, the claiming official "must have seen and considered the contents of the documents and himself have formed the view that on grounds of public interest they ought not to be produced and state with specificity the rationale of the claimed privilege." *Id*. at *5 (quoting *Kerr*, 511 F.2d at 198) (internal quotations omitted). The party invoking the privilege must at the outset make a "substantial threshold showing" by way of a declaration of affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit. *Id*. (quoting *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995)).

A party claiming that information is privilege must "expressly make that claim" and must "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself is privileged or protected, will enable other parties to assess the claim. Fed. R. Civ. P. 26(b)(5)(A)(i) & (ii). A party who receives a discovery request "must, within the time permitted by rule to respond or object, serve and file an objection that invokes the official information privilege by name" and "sufficiently identify the documents so as to afford the requesting party an opportunity to challenge the assertion of privilege." *Miller v. Pancucci*, 141 F.R.D. 292, 300 (C.D Cal. 1992) (citations omitted). Additionally, "the party must submit, at the time it files and serves its response to the discovery request, a declaration or affidavit, under oath or subject to the penalty of perjury, from the head of the department which has control over the matter." *Id.* (citing *Kerr*, 511 F.2d at 198). This affidavit or declaration must contain specific, detailed information to permit the receiving party and the court to assess the propriety of privilege assertion. *See id.*

<div align="center">Preliminary Statements</div>

As an initial matter, the undersigned notes that both parties' briefing references a privilege log which has not been provided to the Court. The Court is unable to address Plaintiff's arguments and Defendants' opposition where no privilege log has been provided. The Court will address the privileges asserted by Defendants in their opposition to Plaintiff's motion, where

appropriate.

Next, the Court notes Plaintiff's motion generally challenges all objections asserted by Defendants in responding to Plaintiff's discovery requests. In their opposition to Plaintiff's motion, where Defendants do not oppose on those bases (e.g., relevancy, unduly burdensome, etc.), the Court need not address the objections asserted in the discovery response itself. The Court will not address boilerplate objections if Defendants did not set forth the reasons for those objections. *See, e.g. Wells v. Gonzales*, No. 1:17-cv-01240-DAD-EPG (PC), 2019 WL 4054022 at *7, n.3 (E.D. Cal. Aug. 18, 2019) ("The Court need not address Defendant's boilerplate objections to Plaintiff's requests. Defendant made no attempt to justify any such objections in opposition to the motion to compel …"); *see also Olmos v. Ryan*, No. CV-17-3665-PHX-GMS (JFM), 2020 WL 1904631, at *2 (D. Ariz. Apr. 17, 2020) ("in evaluating a motion to compel, the Court does not rely on objections raised only in the response to the discovery request," citing *Cotracom Commodity Trading Co. v. Seaboard Corp*., 189 F.R.D. 655, 663 (D. Kan. 1999)). The Court will instead address the specific issues or objections raised by both Plaintiff's motion and Defendants' opposition thereto.

The Court notes that a comparison of Plaintiff's motion to compel and Defendants' opposition reveals the following disputed discovery responses: Request for Production of Documents (RPD) numbers 1, 2, 9, 10, 12, 13, 15, 17, 18, 20, 21, 24 and 25 propounded to Defendant Nakashyan, and RPD numbers 1 through 5 propounded to Defendant Custer. The Court elects to address the discovery at issue in the format employed in Defendants' opposition.

Finally, the Court finds that Plaintiff's motion to compel is not untimely. The Discovery and Scheduling Order was modified on April 9, 2024, (*see* Doc. 41), to extend the deadline for the completion of all discovery to Saturday, June 15, 2024. Plaintiff's motion is dated and signed, and was served on Monday, June 17, 2024. Because the deadline for filing a motion to compel was a date certain that fell on a Saturday, Plaintiff's submission the following Monday is deemed to be timely.[4]

---

[4] As a pro se litigant, Plaintiff is also entitled to some leniency.

<u>Analysis</u>

**Nakashyan RPD Nos. 1 and 9**

**<u>RPD No. 1:</u>**

> Any and all grievance(s), complaint(s), or other document(s) received by California Department of Corrections and rehabilitation Employees (CDCR moving forward); confidential or otherwise filed against Defendant Diana Nakashyan for Prison Rape Elimination Act Violation(s); while being employed at Kern Valley State Prison.

**<u>Response to RPD No. 1:</u>**

> Defendant objects to this request because it is vague and ambiguous, improperly phrased in a compound or conjunctive manner, seeks the production of documents that are not relevant to any party's claim or defense, seeks character evidence, and is unduly burdensome and intrusive because Defendant's liability in this action does not depend on any other incidents or events, particularly those involving individuals who are not parties to this lawsuit. This request is also overbroad as to the scope and timeframe of the documents requested. Plaintiff is not entitled to request a grand universe of documents; such a request runs afoul of Federal Rule of Civil Procedure 34(b)(1)(A), which requires a request to "described with reasonable particularity" the document(s) requested. Defendant further objects to this request on the grounds that it seeks information that is protected from disclosure by the official-information privilege, the disclosure of which would create a hazard to the safety and security of the institution, prison officials, and inmates, and violate privacy rights afforded to prison officials and inmates, because it seeks grievances or complaints submitted by inmates who have not consented to the release of their grievances, and that are protected by state and federal privacy laws, including the official-information privilege, California Code of Regulations, title 15, § 3370, and California Penal Code §§ 832.7 and 832.8. Defendant further objects to this request on the ground that it seeks confidential personnel records that are protected from disclosure by the official information privilege, California Government Code § 6254, California Code of Regulations, Title 15, § 3450(d), and California Evidence Code §§§ 1040, 1041, and 1043. Additionally, evidence of complaints filed by other inmates is irrelevant to establish Defendant's liability. *See Reynoso v. Sayre*, No. 11-cv-4525 CW (PR), 2013 U.S. Dist. LEXIS 130782, at *21-22 (N.D. Cal. Sept. 11, 2013).

> Without waiving these objections, Defendant responds as follows: Defendant produces grievance log nos. KVSP-HC-18000843 and SAC-HC-21000171, filed by Plaintiff against Defendant, and the related responses. After a reasonable and diligent inquiry, Defendant does not have any other responsive documents in her possession, custody, or control, as no other responsive documents exist.

<u>Plaintiff's Argument</u>

Plaintiff's argument spans nine pages and will not be summarized here. Its focus concerns

the official information privilege. (*See* Doc. 48 at 12-20.)

Defendants' Opposition

Defendants contend investigative reports are beyond the scope of Plaintiff's request as he only sought documents *received* by CDCR, and other than the two grievances Defendants produced, no other grievances or complaints were received by CDCR involving Nakashyan.

Ruling

While Plaintiff did use the word "received" in his request, he is entitled to leniency as a pro se litigant, and the Court is not inclined to conclude that use of that word makes investigative reports beyond the scope of his request. That said, Defendants produced grievance log nos. KVSP-HC-18000843 and SAC-HC-21000171, and the related responsive documents, and have indicated no responsive documents involve Nakashyan. The motion to compel a further response from Defendant Nakashyan to RPD No. 1 is DENIED.

**RPD No. 9:**

> Any and all document(s) created by California Board of Psychology in response to Case No. 6002018000865; confidential or otherwise concerning Defendant Diana Nakashyan while employed at KVSP.

**Response to RPD No. 9:**

> Defendant objects to this request because it is vague and ambiguous as to time and scope, seeks the production of documents that are not relevant to any party's claim or defense, seeks character evidence, and is unduly burdensome and intrusive because Defendant's liability in this action does not depend on any other incidents or events, particularly those involving individuals who are not parties to this lawsuit. Defendant further objects because this request seeks documents that are not within Defendant's possession, custody, or control. This request seeks discovery from a non-party and does not comport with the standards set out in Federal Rule of Civil Procedure 45.

> Without waiving these objections, Defendant responds as follows: Defendant produces the notification letter from the California Board of Psychology regarding the complaint Plaintiff filed against Defendant. After a reasonable inquiry and a diligent search, Defendant does not have any other responsive documents in her possession, custody, or control.

Plaintiff's Argument

Plaintiff contends the "reports are highly relevant" to his "subject matter claims." He

9

states the Board of Psychology responded to his complaint, informing him Nakashyan "would be required to respond" to his complaint in writing. Plaintiff references Nakashyan's responses to his interrogatory numbers eight and twelve where Nakashyan answered she was "never interviewed by the California Board of Psychology." Plaintiff contends he is "entitled to know what confidential psychotherapy note(s)" Nakashyan sent in response and "if in fact they are correct psychotherapy note(s) and/or report(s). Plaintiff next contends his trial preparation would be prejudiced, stating "Defendant(s) lost/destroyed" the "audio taped interview" from August 10, 2018. Plaintiff contends the Board of Psychology documents may lead to admissible evidence to be used at summary judgment or trial, for cross-examination and impeachment purposes. He maintains "the Board(s) Investigative Report(s) will be highly relevant" to Nakashyan's credibility and "are in the sole possession of the Defendants."

<u>Defendants' Opposition</u>

Defendants contend Plaintiff has failed to show how the Board of Psychology's investigative report of his complaint is relevant to his retaliation claim, "namely that Nakashyan retaliated against Plaintiff for submitting a PREA complaint." Defendants contend Nakashyan served supplemental responses and produced all documents Nakashyan received from the Board, including the case closure email and letter, and "her email/response to the inquiry into Plaintiff's complaint." Finally, Defendants maintain Nakashyan is not obligated to request documents from a separate government agency.

<u>Ruling</u>

The Court notes that Plaintiff assumes Nakashyan would be *interviewed* because of his complaint to the Board of Psychology. The Board's letters to Plaintiff reference "statements collected from the subject …" and "a response to your concerns from Dr. Nakashyan." Accordingly, the fact that Nakashyan responded to Plaintiff's interrogatories indicating she was never interviewed by the Board are not an indication that a further response is required. Plaintiff also fails to demonstrate that Defendants have control over "all document(s) created by California Board of Psychology in response to Case No. 6002018000865." The burden of establishing control over the documents sought is on the party seeking production. *United States v. Int'l Union*

1    *of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989). A party is not in "control"

2    of records that the requesting party has equal ability to obtain from public sources. *See Estate of*

3    *Young Through Young v. Holmes*, 134 F.R.D. 291, 294 (D. Nev. 1991). Here, Plaintiff could have

4    potentially obtained the information he seeks from the California Board of Psychology by

5    subpoena. Fed. R. Civ. P. 45. In any event, Defendants have produced to Plaintiff the records in

6    Nakashyan's actual possession, including the notification letter, "email/response to the inquiry

7    into Plaintiff's complaint," and case closure letter and email from the Board of Psychology.

8        Finally, the Court finds the Board of Psychology documents are not likely to lead to

9    admissible evidence that Nakashyan retaliated against Plaintiff for filing the PREA complaint. As

10   the September 7, 2018, letter to Plaintiff states, "The Board's authority to investigate complaints

11   is limited to determining administrative violations of the Laws and Regulations Relating to the

12   Practice of Psychology." (*See* Doc. 48 at 111.) The motion to compel a further response from

13   Defendant Nakashyan to RPD No. 9 is DENIED.

14                        **Nakashyan RPD Nos. 15, 20, 21 and 25**

15   **RPD No. 15:**

16        Name and position of nurse assistant on duty on July 19, 2018; C-
         Facility Mental Health Center; during plaintiff(s) video
17       conference contact with Psychiatrist A. Rizvi at Kern Valley State Prison; on or
         about August 10 2018; C-Facility.
18

19   **Response to RPD No. 15:**

20        Defendant objects to this request because it is vague and ambiguous
         as to time, as it identifies two separate dates. Defendant further
21       objects to this request because it seeks information that is not relevant
         to any claim or defense and is not proportional to the needs of this
22       case, considering the burden of the proposed discovery outweighs its
         likely benefit. Without Defendant further objects to the extent
23       information sought is "confidential" within the meaning of
         California Code of Regulations, Title 15, § 3321, and therefore an
24       inmate such as Plaintiff is prohibited from possession of the
         requested information under the provisions of California Code of
25       Regulations, Title 15, § 3450(d). Moreover, full names of CDCR
         staff below director's level are subject to the official information
26       privilege. Based on the objections and without further clarification
         as to how this information is relevant to Plaintiff's claims, Defendant
27       will not respond to this request.

28

                                    11

1   Plaintiff's Argument

2       Plaintiff contends Defendants failed to respond to his "meet and confer request that

3   verified '8/10/2018; date was included in" his original request. Plaintiff maintains "both date(s)

4   are relevant," he was present when the "nurse assistant was directed by Dr. Rizvi to conduct a

5   search of the Defendant(s) computer generated e-mail(s), without alerting" Nakashyan that an

6   "investigation was [occurring.]" Plaintiff asserts the nurse assistant's identity "may be needed for

7   cross-examination for Defendant Nakashyan" and he "has personal knowledge, that corrective

8   action was initiated against" Nakashyan. Plaintiff argues the objection concerning confidentiality

9   "is without merit" because he "actually spoke with the nurse(s) assistant [and] no confidentiality

10  provision(s) are implicated." He states that response "serves only to vex and harass and/or delay"

11  his trial preparation.

12  Defendants' Opposition

13      Defendants contend the only documents pertaining to the PREA investigation against

14  Nakashyan "are the confidential reports for KVSP-SC-19000013 and SAC-PREA-21-01-008."

15  Defendants further contend that Nakashyan has never been the subject of any corrective action

16  because of an alleged PREA violation, and no corrective action was taken against her. Finally,

17  Defendants assert that Plaintiff's request seeks information rather than documentation, and that

18  Nakashyan is not required to create a responsive document.

19  Ruling

20      As an initial matter, to the extent Plaintiff contends he has "personal knowledge" of some

21  "corrective action," this assertion goes to the merits of his case and is not proper for a motion to

22  compel. *Hoffman v. Jones*, No. 2:15-cv-1748-EFB P, 2017 WL 5900086, at *8 (E.D. Cal. Nov.

23  30, 2017) ("a motion to compel is not the appropriate vehicle in which to argue the overall merits

24  of the case. This answer was sufficient"); *Jacobs v. Quinones*, No. 1:10-cv-02349-AWI-JLT

25  (PC), WL 3717542, at *7 (E.D. Cal. June 12, 2015) ("discrepancies between facts and evidence is

26  not a basis to compel a further response or to attempt to force an opposing party to change a

27  response to propounded discovery; rather, it is fodder for Plaintiff to attempt to impeach a witness

28  or to contradict testimony thereon at trial and/or dispositive motion"). Next, Plaintiff's request

12

seeks the "name and position" of the "nurse assistant on duty on July 19, 2018." This request is better suited to a written interrogatory rather than a request for production of documents, particularly where Defendants indicate a responsive document identifying this individual does not exist. *Hoffman*, 2017 WL 5900086, at *12 ("Defendant states that no log exists, and the court cannot compel the production of material that does not exist … the court accepts defendant's contention that no log exists"); *Goolsby v. Carrasco*, No. 1:09-cv-01650 JLT (PC), 2011 WL 2636099, at *8 (E.D. Cal. July 5, 2011) ("Plaintiff's request is not one for the production of documents. Rather, it asks Defendant to create a roster of prison officials based on certain criteria. This is not a proper request under Federal Rule of Civil Procedure 34(a)"). Requiring a further response by Nakashyan would require the creation of a document that does not exist. Therefore, the motion to compel a further response from Defendant Nakashyan to RPD No. 15 is DENIED.

**RPD No. 20:**

> A chronological work history of Defendant Diana Nakashyan while employed by CDCR at KVSP.

**Response to RPD No. 20**:

> Defendant objects to this request because it is vague and ambiguous as to the term "work history," vague and overbroad as to time and scope, and seeks the production of documents that are not relevant to any party's claim or defense. This request is improper as it requires Defendant to create a list that does not already exist and a party is not obligated to create documents that do not exist in response to a discovery request. *See Goolsby v. Carrasco*, 2011 WL 2636099 at *8-9 (E.D. Cal. July 5, 2011) (denying plaintiff's motion to compel production of documents where plaintiff's request required defendant to "create documents, as opposed to produce already existing document.") To the extent that this request includes personnel files of the Defendant, personnel-related files are protected from disclosure by official information privilege for the safety and security of the institution, staff, and inmates. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1991). Based on these objections, Defendant will not respond to this request as not such responsive documents exist.

Plaintiff's Argument

Plaintiff contends the evidence is relevant, proportional to the needs of the case, and necessary for cross-examination.

1    Defendants' Opposition

2       Defendants state no such document exists and that Nakashyan has no obligation "to create

3    a list that does not already exist." Defendant further contends Plaintiff "did not identify any

4    specific issue with this objection."

5    Ruling

6       Plaintiff's dissatisfaction with Defendant Nakashyan's response does not warrant a further

7    response by Defendant. *Jacobs*, WL 3717542, at *10 (Plaintiff shows nothing other than his

8    disagreement with Magana's response. This is insufficient to show that his response is evasive or

9    incomplete. … This is yet more fodder for Plaintiff to attack the Defendants' assertions and

10   positions at trial and/or on dispositive motion"). Significantly, Defendants state that a

11   "chronological work history" document does not exist. *Hoffman*, 2017 WL 5900086, at *12;

12   *Goolsby,* 2011 WL 2636099, at *8. The motion to compel a further response from Defendant

13   Nakashyan to RPD No. 20 is DENIED.

14   **RPD No. 21:**

15           Any and all electronically stored data and/or computer record(s)
16           created by Defendant Diana Nakashyan after speaking with the
             plaintiff(s) Primary Care Physician Sarah Parhami at Los Angeles
             County State Prison in January 2019 while employed at Kern Valley
17           State Prison (Telephone contact).

18   **Response to RPD No. 21:**

19           Defendant objects to this request on the grounds it is vague as to the
20           term "[a]ny and all electronically stored data" and "computer
             records." This request is also overbroad as to the scope and
             timeframe of the documents requested. Plaintiff is not entitled to
21           request a general universe of documents; such a request runs afoul of
             Federal Rule of Civil Procedure 34(b)(1)(A), which requires a
22           request to "describe with reasonable particularity" the document(s)
             requested. Defendant also objects that the request is overbroad,
23           unduly burdensome, and seeks information that is not relevant to any
             claim or defense and not proportional [to] the needs of the case
24           considering the burden of the proposed discovery outweighs its likely
             benefit. Defendant further objects on the ground that this request is
25           unduly burdensome and intrusive because the responsive data and/or
             computer records contain irrelevant information about other non-
26           party individuals, which would need to be redacted in order to protect
             those individuals' right to privacy. The request also potentially seeks
27           information protected by the official information privilege, rules and
             regulations deeming them confidential, and the rights of privacy of
28           Defendants and non-party individuals. *See*, e.g., Cal. Pen. Code §§

14

832.7, 832.8; Cal. Gov. Code §§ 3300-3313, 6254; Cal. Evid. Code §§ 1040, 1041, 1043; Cal. Code Regs. tit. 15, §§ 3321, 3370, 3450. The request also seeks information protected by the attorney-client privilege.

Without waiving objections, Defendant responds as follows: Defendant will limit Plaintiff's request and produce non-privileged and non-confidential emails send by Defendant after January 2019 that relate to Defendant's telephone conversation with Dr. Parhami concerning Dr. Parhami's questions that are located after a reasonable and diligent search. Based on the above objections, Defendant will not respond further to this request.

Plaintiff's Argument

Plaintiff contends that although Defendants agreed to send him "non-privileged and non-confidential email(s)," he did not receive any responsive documents. He maintains his "request is highly relevant" and may lead to admissible evidence.

Defendants' Opposition

In responding to Plaintiff's meet and confer letter, Defendants advised Plaintiff that no responsive documents exist. A reasonable and diligent forensic search was performed by CDCR. It "was only able to retrieve Nakashyan's emails from her former CDCR account." CDCR provided 2,624 emails from Nakashyan's account "that contain 'Tate' or his CDCR number from between July 1, 2018, to December 31, 2021, which is over two years after Nakashyan left KVSP." Following defense counsel's review of all 2,624 emails, none mentioned Dr. Parhami or Dr. Parhami's phone call to Nakashyan.

Ruling

Plaintiff's dissatisfaction with Defendant Nakashyan's response is not a basis upon which to compel a further response. *Jacobs*, WL 3717542, at *10. Defendants indicate no responsive documents exist and the Court cannot compel that which does not exist. The motion to compel a further response from Defendant Nakashyan to RPD No. 21 is DENIED.

**RPD No. 25:**

Any and all list of computer terminal(s) assigned to Defendant Diana Nakashyan while employed at Kern Valley State Prison beginning on March 1, 2018; until the present date of this request.

1    **Response to RPD No. 25:**

2    Defendant objects to this request because it is vague and ambiguous
     as to the terms "[a]ny and all list," and "computer terminal(s)."
3    Defendant further objects to this request because it seeks information
     that is not relevant to any claim or defense and not proportional to
4    the needs of this case, considering the burden of the proposed
     discovery outweighs its likely benefit. Defendant further objects on
5    the grounds that this request is overly broad in scope and unduly
     burdensome as Plaintiff is not entitled to request a general universe
6    of documents; such a request runs afoul of Federal Rule of Civil
     Procedure 34(b)(1)(A), which requires a request to "describe with
7    reasonable particularity" the document(s) requested. Additionally,
     this request is improper as it requires Defendant to create a list that
8    does not already exist and a party is not obligated to create a list that
     does not exist in response to a discovery request. *See Goolsby v.*
9    *Carrasco*, 2011 WL 2636099 at *8-9 (E.D. Cal. July 5, 2011)
     (denying plaintiff's motion to compel production of documents
10   where plaintiff's request required defendant to "create documents, as
     opposed to produce already existing document.") To the extent that
11   this request includes personnel files of the Defendant, personnel-
     related files are protected from disclosure by official information
12   privilege for the safety and security of the institution, staff, and
     inmates. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th
13   Cir. 1991). Based on these objections, Defendant will not respond to
     this request as not such responsive documents exist.

14

15   <u>Plaintiff's Argument</u>

16   Plaintiff states this evidence is reasonably calculated to lead to admissible evidence for

17   use a trial or during summary judgment proceedings.

18   <u>Defendants' Opposition</u>

19   Acknowledging Plaintiff's argument that the evidence sought "'is calculated to reasonably

20   lead to admissible evidence for use at trial and/or summary judgment proceedings,'" Defendants

21   state no responsive documents exist and Nakashyan is not required to create non-existent

22   documents.

23   <u>Ruling</u>

24   A "list of computer terminal(s) assigned to Defendant Diana Nakashyan while employed

25   at Kern Valley State Prison" does not exist. The Court will not compel Defendants to produce a

26   document that does not exist. *Hoffman*, 2017 WL 5900086, at *12; *Goolsby,* 2011 WL 2636099,

27   at *8. The motion to compel a further response from Defendant Nakashyan to RPD No. 25 is

28   DENIED.

**Nakashyan RPD Nos. 10, 12 and 17**

**RPD No. 10:**

Any and all document(s) created by Kern Valley State Prison staff or any other California department of Correction(s) employee or official in response to grievance log# SAC SC 21000013; confidential or otherwise.

**Response to RPD No. 10:**

Defendant objects to this request because it is vague and ambiguous as to the phrase "in response to," overbroad as to scope, and seeks information that is equally available to Plaintiff. Defendant objects to the extent information sought is "confidential" within the meaning of California Code of Regulations, Title 15, § 3321, and therefore an inmate such as Plaintiff is prohibited from possession of the requested information under the provisions of California Code of Regulations, Title 15, § 3450(d). This request also seeks personnel records that are protected from disclosure by California Government Code § 6254 and California Code of Regulations, Title 15, § 3450(d). The request also seeks personnel records that are protected by the official information privilege. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1991); *see* T. Feryance Decl.

**RPD No. 12:**

Any and all document(s) created by Kern Valley State Prison staff or any other California Department of Correction(s) employee or official in response to grievance log # KVSP SC 19000013; confidential or otherwise.

**Response to RPD No. 12:**

Defendant objects to this request because it is vague and ambiguous as to the phrase "in response to," overbroad as to scope, and seeks information that is equally available to Plaintiff. Defendant objects to the extent information sought is "confidential" within the meaning of California Code of Regulations, Title 15, § 3321, and therefore an inmate such as Plaintiff is prohibited from possession of the requested information under the provisions of California Code of Regulations, Title 15, § 3450(d). This request also seeks personnel records that are protected from disclosure by California Government Code § 6254 and California Code of Regulations, Title 15, § 3450(d). The request seeks documents that are protected by the official information privilege for the safety and security of the institution, staff, and inmates. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1991).

Without waiving these objections, Defendant responds and produces as follows: Institutional and Headquarters' responses and Allegation Inquiry or Investigative Completion Notice to KVSP-SC-19000013. After a reasonable inquiry and diligent search, Defendant does not have any other responsive non-confidential documents in her possession, custody, or control. *See* Privilege Log.

1

**RPD No. 17:**

2

> Any and all document(s) created by complaint SAC PREA log #
> PREA 21-01-008; confidential or otherwise; ISU Correctional
> Sergeant A. Huynh; At CSP Sacramento.

3

4

**Response to RPD No. 17:**

5

> Defendant objects to this request because it is vague and ambiguous
> as to the terms "[a]ny and all document(s)," requiring Defendant to
> speculate as to the documents sought, and vague and overbroad as to
> the scope and timeframe of the documents requested. Defendant
> objects to the extent information sought is "confidential" within the
> meaning of California Code of Regulations, Title 15, § 3321, and
> therefore an inmate such as Plaintiff is prohibited from possession of
> the requested information under the provisions of California Code of
> Regulations, Title 15, § 3450(d). This request also seeks personnel
> records that are protected from disclosure by California Government
> Code § 6254 and California Code of Regulations, Title 15, § 3450(d).
> This request seeks documents that are protected by the official
> information privilege for the safety and security of the institution,
> staff, and inmates. *Sanchez v. City of Santa Ana*, 936 F.2d 1027,
> 1033-34 (9th Cir. 1991); see T. Feryance Decl. in support of
> Defendant's Privilege Log.

6

7

8

9

10

11

12

13

> Without waiving these objections, Defendant responds and produces
> as follows: PREA Allegations Closure Chrono for Log No. SAC-
> PREA-21-01-008. After a reasonable inquiry and a diligent search,
> Defendant does not have any other responsive non-confidential
> documents in her possession, custody, or control. *See* Privilege Log.

14

15

16

17

Plaintiff's Arguments re RPD Nos. 10, 12 and 17

18

Plaintiff's arguments largely concern the requirement of an "interview/investigation"

19

following a PREA complaint and Defendants' reliance on the official information privilege. (*See*

20

Doc. 48 at 40-50.)

21

Defendants' Opposition to RPD Nos. 10, 12 and 17

22

Defendants contend they asserted the official information privilege and properly withheld

23

confidential allegation inquiry memoranda for KVSP-SC-19000013 and SAC-PREA-21-01-008;

24

the Declaration of J. Kern supported the privileges asserted for RPD Nos. 10 and 17, and the

25

Declaration of B. Hancock supported the privilege asserted for RPD No. 12. Defendants contend

26

both declarations "describe how the confidential documents are retained, state that they are

27

familiar with the documents at issue, describe the risk of disclosure, why a protective order is not

28

adequate to protect the government's interest, and protects the harm that could occur if the

1  disclosures were made." Defendants aver that Plaintiff does not challenge the substance of either

2  declaration or the truth of the assertions regarding the need for confidentiality for those

3  documents. Defendants state Plaintiff argues Kern's declaration is defective because he is not "a

4  CCII" and both declarations are defective because they only provide "that it is CDCR's policy to

5  maintain confidentiality of the requested documents but do not state that it is the policy of CSP-

6  SAC and KVSP." Defendants maintain Kern is an appropriate declarant because he is an official

7  with CSP-SAC with personal knowledge of the principal matters attested to, neither declaration is

8  defective for its lack of reference to CSP-SAC or KVSP "because CDCR operates all adult

9  institutions … and establishes the confidentiality policies and procedures to be followed by its

10  institutions." Defendants contend Plaintiff's challenge is insufficient to overcome the official

11  information privileges asserted.

12      Ruling

13      The Court has reviewed the Declarations of J. Kern and B. Hancock and finds each

14  sufficient to make the required substantial threshold showing. *Duenez*, 2013 WL 684654, at *5

15  (quoting *Kerr*, 511 F.2d at 198 and *Soto*, 162 F.R.D. at 613). The fact that Kern is not a "CCII"

16  or correctional counselor II is not persuasive because Kern is a prison official with personal

17  knowledge of the subject at issue, and both affidavits were sufficiently detailed. *Miller*, 141

18  F.R.D. at 300. The Court will order the materials not produced pursuant to the official

19  information privilege to be filed under seal with the Court for an *in camera* review within forty-

20  five days. *Kelly*, 114 F.R.D. at 671. Those materials include "PREA Confidential Investigation

21  Memorandum for log number SAC-PREA-21-01-008 and PREA Confidential Closure

22  Memorandum for log number SAC-PREA-21-01-008" and "Confidential Allegation Inquiry

23  Memorandum for grievance log number KVSP-HC-1000843/KVSP-SC-19000013." Upon

24  submission and in due course, the Court will review the documents *in camera*.

25      **Nakashyan RPD Nos. 2, 13, 18 and 24**

26      **RPD No. 2:**

27          A copy of all electronic stored information showing Defendant Diana
            Nakashyan, accessing information concerning Plaintiff D. Tate after
28          July 17, 2018 time(s) and date(s).

19

1    **Response to RPD No. 2:**

2          Defendant objects to this discovery request because it is vague and
3    ambiguous as to the terms "all electronic stored information,"
     accessing," and "information concerning Plaintiff," and vague and
4    overbroad as to time and scope. Assuming Plaintiff is asking for a
     printout or other document showing the dates and times of when
5    Defendant accessed Plaintiff's central or medical file, Defendant
     further objects to this request because it seeks information that is not
6    relevant to any claim or defense and not proportional to the needs of
     this case, considering the burden of the proposed discovery
7    outweighs its likely benefit. The request is also unduly burdensome
     and intrusive because Plaintiff's liability in this action does not
8    depend on how many times she "accessed" Plaintiff's "information"
     via his central file or medical file or otherwise. Defendant further
9    objects on the ground that Plaintiff is not entitled to request a general
     universe of documents; such a request runs afoul of Federal Rule of
10   Civil Procedure 34(b)(1)(A), which requires a request to "describe
     with reasonable particularity" the document(s) requested. Based on
11   these objections, Defendant will not respond to this request.

12   Plaintiff's Argument

13         Plaintiff contends the information he seeks is relevant because Nakashyan was replaced as

14   his primary care clinician on July 18, 2018, and Nakashyan's access of Plaintiff's records in the

15   database after that date may not involve a penological purpose. Plaintiff asserts Nakashyan was

16   required to report her January 16, 2019, contact with his later primary care clinician (while he

17   was incarcerated at California State Prison – Los Angeles County), and the electronically stored

18   information might demonstrate whether Nakashyan did report the contact. Plaintiff argues

19   Nakashyan's contact with the other clinician was undertaken to have him removed from the

20   outpatient program at the other facility in retaliation for having filed the PREA complaint against

21   Nakashyan, noting she "was successful" because he was placed in administrative segregation and

22   removed from the outpatient program shortly thereafter.

23   Defendants' Opposition

24         Defendants assert Nakashyan properly elected not to respond to this request and Plaintiff's

25   assertion that Nakashyan accessed his medical records for a non-penological purpose is

26   speculative. Defendants maintain "Nakashyan was required to obtain information for the purpose

27   of defending herself against Plaintiff's Board of Psychology complaint and his 2019 lawsuit"

28   filed in Kern County Superior Court. Defendants allege Plaintiff's remaining arguments

1    concerning communications between Nakashyan and Dr. Parhami "deviate from his original

2    request" and that Nakashyan cannot be compelled to respond to a request not served. Lastly,

3    Defendants assert Plaintiff can request his own medical records through his counselor.

4         Ruling

5         The Court finds Defendant Nakashyan's request sufficiently responsive. Plaintiff

6    speculates that the information he seeks may be relevant to any non-penological purpose. But

7    Defendant Nakashyan had such a purpose because she sought to defend herself after Plaintiff

8    filed a complaint with the Board of Psychology and filed a lawsuit in Kern County Superior

9    Court. Regarding Plaintiff's references to Dr. Parhami, Defendants' argument is well taken.

10   Plaintiff's request does not reference Dr. Parhami and the Court notes that, as discussed above,

11   there exists no electronically stored information in the form of emails between Defendant

12   Nakashyan and Dr. Parhami. The motion to compel a further response from Defendant

13   Nakashyan to RPD No. 2 is DENIED.

14   **RPD No. 13:**

15       Any and all taped interviewed conducted by the Investigative
16       Services Unit at Kern Valley State Prison; on or about August 10,
         2018; C-Facility Office in response to grievance log # KVSP SC
17       19000013; confidential or otherwise.

     **Response to RPD No. 13:**

18
         Defendant objects to the extent information sought is "confidential"
19       within the meaning of California Code of Regulations, Title 15, §
         3321, and therefore an inmate such as Plaintiff is prohibited from
20       possession of the requested information under the provisions of
         California Code of Regulations, Title 15, § 3450(d). This request also
21       seeks personnel records that are protected from disclosure by
         California Government Code § 6254 and California Code of
22       Regulations, Title 15, § 3450(d). This request also potentially seeks
         documents that are protected by the official information privilege for
23       the safety and security of the institution, staff, and inmates. *Sanchez
         v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1991).
24

25   Plaintiff's Argument

26       Plaintiff states: "Please refer to Plaintiff(s) Motion For Sanction(s) Under Rule 37; on

27   4/4/2024; Defendant informed Plaintiff that the contemporaneous statement(s) surrounding the

28   Plaintiff(s) P.R.E.A. complaint had been lost or destroyed."

1

<u>Defendants' Opposition</u>

2

Defendants contend Plaintiff "again claims that Nakashyan lost or destroyed an audio tape

3

of his August 10, 2018 interview based on Nakashyan's response that it does not exist." They

4

maintain his motion to compel a response should be denied because Plaintiff does not offer any

5

grounds for a further response by Nakashyan.

6

<u>Ruling</u>

7

The Court previously denied Plaintiff's motion for sanctions regarding the interview of

8

and any recording from August 10, 2018. (*See* Doc. 61 at 6-9.) Specifically, the Court found that

9

"Plaintiff's claim that the audio recording was destroyed is pure speculation" (*id*. at 7) and

10

concluded that Plaintiff had "not demonstrated an audio recording of his interview existed in the

11

first instance" (*id*. at 9). As explained below (see "Plaintiff's Construed Motion for

12

Reconsideration (Doc. 63)"), reconsideration of the Court's ruling concerning any audio

13

recording will also be denied. The motion to compel a further response from Defendant

14

Nakashyan to RPD No. 13 is DENIED.

15

**RPD No. 18:**

16
17

> Any and all document(s) created by Complaint: NKSP 18-04815 and
> SAC 18-04436; Third Level Review Case No. 1819848; confidential
> or otherwise.

18

**Response to RPD No. 18:**

19
20
21
22
23
24
25
26
27

> Defendant objects to this request because it is vague and ambiguous
> as to the term "[a]ny and all document(s)," requiring Defendant to
> speculate as to the documents sought, seeks production of documents
> that are not relevant to any party's claim or defense, and is unduly
> burdensome and intrusive because Defendant's liability in this action
> does not depend on any incidents or events that occurred at North
> Kern State Prison (NKSP) or California State Prison-Sacramento
> (CSP-SAC). Defendant further objects to this request on the grounds
> that it seeks information that is protected from disclosure by the
> official-information privilege, the disclosure of which would create
> a hazard to the safety and security of the institution, prison officials,
> and inmates, and violate privacy rights afforded to prison officials
> and inmates. Defendant further objects to this request on the ground
> that it seeks confidential personnel records that are protected from
> disclosure by the official information privilege, California
> Government Code § 6254, California Code of Regulations, Title 15,
> § 3450(d), and California Evidence Code §§ 1040, 1041, and 1043.

28

> Without waiving these objections, Defendant responds as follows:

22

1
2
3
4

After a reasonable inquiry and diligent search, Defendant does not have any responsive documents in her possession, custody, or control. Discovery is ongoing and Defendant is still searching for responsive documents. Defendant will provide a privilege log and declaration in support of any responsive privileged or confidential documents that are located and not produced to Plaintiff.

5

Plaintiff's Argument

6
7
8
9
10
11
12
13

Plaintiff contends his request is not vague or ambiguous and that he "used this same phrase" for RPD Nos. 1, 3-10, 12-13, and 17. He contends he "was adversely transferred after filing the sexual misconduct complaint(s)" against Nakashyan, making this evidence "significant to the Plaintiff(s) subject matter claims." He states he would not have been housed at NKSP but for his complaints against Nakashyan. Plaintiff maintains that Defendants' claim to the official information privilege is deficient, and that Defendants' claim that no responsive documents exist is "disingenuous." Finally, Plaintiff states the evidence "will play a significant role" in his attempt to "acquire punitive damages" and goes to Nakashyan's credibility.

14

Defendants' Opposition

15
16
17
18
19
20
21
22
23
24
25
26

As noted above, Defendants originally responded to Plaintiff's request by stating that "[a]fter a reasonable inquiry and diligent search, Defendant does not have any responsive documents in her possession, custody, or control." Subsequently, Nakashyan served a supplemental response and produced "Grievance Log Nos. NKSP 18-04815 and SAC 18-04436 and the related notices and responses." Defendants contend Plaintiff fails to show how these documents are relevant to his retaliation claim against Nakashyan because they concern "allegations against a correctional officer at North Kern State Prison (NKSP) after inmates assaulted Plaintiff at NKSP." Further, Defendants note Plaintiff makes no argument that Nakashyan "made the decision or had the authority to transfer Plaintiff, and these events are unrelated to the retaliation claim" against Nakashyan. Finally, Defendants state Plaintiff's request is beyond the scope of discovery and that Plaintiff has failed to identify any grounds for a further response.

27

Ruling

28

The Court has reviewed the Third Level Appeal Decision for NKSP-18-04815 and SAC-

23

18-04436. The events and information referenced in that document are not relevant to Plaintiff's claims against Defendant Nakashyan. The events arose in October 2018 while Plaintiff was housed in North Kern State Prison and do not involve Defendant Nakashyan — the subject matter involves inmate assaults at North Kern State Prison, Plaintiff's report to a correctional sergeant at that institution, his request to be moved to administrative segregation, and his own assault by another inmate at that facility. In any event, Defendants subsequently produced "Grievance Log Nos. NKSP 18-04815 and SAC 18-04436" to Plaintiff. The motion to compel a further response from Defendant Nakashyan to RPD No. 18 is DENIED.

**RPD No. 24:**

> Any and all electronically stored data (including e-mail); and/or computer records stored in Defendant Diana Nakashyan(s) hard drive that are retrievable after being deleted.

**Response to RPD No. 24:**

> Defendant objects to this request because it is vague and ambiguous as to the term "[a]ny and all electronically stored data," overbroad and unlimited as to the scope and timeframe of the documents requested, and seeks information that is not relevant to any claim or defense and not proportional to the needs of this case, considering the burden of the proposed discovery outweighs its likely benefit. Defendant further objects on the grounds that this request is unduly burdensome and intrusive because the responsive data, emails, and/or computer records contain irrelevant information about other non-party individuals, which would need to be redacted in order to protect those individuals' rights to privacy. Plaintiff is not entitled to request a general universe of documents; such a request runs afoul of Federal Rule of Civil Procedure 34(b)(1)(A), which requires a request to "describe with reasonable particularity" the document(s) requested. The request also potentially seeks information protected by the official information privilege, rules and regulations deeming them confidential, and the rights of privacy of Defendants and non-party individuals. *See*, e.g., Cal. Pen. Code §§ 832.7, 832.8; Cal. Gov. Code §§ 3300-3313, 6254; Cal. Evid. Code §§ 1040, 1041, 1043; Cal. Code Regs. tit. 15, §§ 3321, 3370, 3450. Based on these objections, Defendant will not respond to this request.

Plaintiff's Argument

Plaintiff argues that Nakashyan's conduct "will be a major issue at trial for credibility purposes," he needs to demonstrate intent regarding his retaliation claim against Nakashyan and he "will be able to demonstrate this fact by Defendant(s) willingness to destroy evidence," he may be able to use this evidence for impeachment and cross-examination purposes, and

1    Defendants' claim to the official information privilege is deficient.

2        Defendants' Opposition

3        Defendants contend Plaintiff did not identify "any specific issue with Nakashyan's

4    objections" and that Nakashyan "produced supplemental documents limited to all non-privileged

5    and non-confidential emails regarding Plaintiff while Nakashyan was employed at KVSP."

6    Defendants state that "the broad timeframe without search terms would return numerous

7    unrelated and irrelevant documents that would then need to be reviewed for any confidentiality or

8    privilege." Defendants assert Plaintiff's request "appears to be little more than a 'fishing

9    expedition.'"

10        Ruling

11        Plaintiff's request is vague as to time because it fails to identify any timeframe. Moreover,

12    while Defendant initially refused to respond to this request, they later supplemented their

13    response to include non-privileged information. The motion to compel a further response from

14    Defendant Nakashyan to RPD No. 24 is DENIED.

15                            **Custer RPD Nos. 1 through 5**

16        RPD No. 1:

17              Any and all grievance(s), complaint(s); or other document(s)
      received by prison staff, filed against the Defendant J. Custer; while
18              employed at Kern Valley State Prison (KVSP moving forward); for
      misconduct, and any memoranda, investigative file(s), confidential
19              or otherwise; or other document(s) created in response to such
      complaint(s); including corrective action(s) taken.
20

21        RPD No. 2:

22              Any and all document(s) created by KVSP staff/employee or any
      other California Department of Corrections and Rehabilitation
23              (CDCR moving forward); employee or official in response to
      Plaintiff(s) disciplinary hearing, on 9/17/2018; rule violation log
24              #5482347 Disrespect w/Potential for violation/Disruption;
      confidential or otherwise.

25        RPD No. 3:

26              Any and all document(s) created by KVSP staff/employee or any
      other CDCR employee or official in response to appeal/602
27              grievance log no. KVSP 0-19-00561; confidential or otherwise.

28        RPD No. 4:

Any and all document(s) created by KVSP staff/employee or any other CDCR employee or official in response to appeal/602 grievance log no. LAC D-19-00786; confidential or otherwise.

RPD No. 5:

Any and all document(s) created by KVSP staff/employee or any other CDCR employee or official in response to Rules Violation Report Log # 5482347 Disrespect w/Potential for violence/Disruption; confidential or otherwise.

Plaintiff's Argument

Plaintiff challenges Defendant Custer's responses to RPD Nos. 1 through 5, as incomplete and contends they are relevant to establish Custer's intent to violate his First Amendment and due process rights. Plaintiff maintains he may demonstrate a pattern of conduct if the "same type of conduct" is present in the information he seeks in RPD No. 1. He further argues Defendants' objections based upon improper character evidence and a general universe of documents should be overruled. Plaintiff contends Custer failed to provide a privilege log regarding any complaints and that Defendants' assertion of the official information privilege was deficient. He contends the information he seeks is not cumulative and is necessary to prepare a summary judgment motion and for cross-examination at trial. Plaintiff makes similar claims concerning RPD No. 3 and adds that Defendants' objections based on vagueness and ambiguity are "boilerplate in their nature." He states that Defendant's assertion that the information he seeks is equally available to him "is misleading and untrue" and the objection should be overruled.

Defendants' Opposition

Defendants contend Custer properly responded to Plaintiff's discovery requests. Regarding RPD No. 1, Defendants produced "one grievance contesting a guilty rules violation finding" but argue they should not be compelled to produce any grievances in three other prisoner civil rights actions involving Custer because those actions do not involve "due process or retaliation claims." Further, Defendants maintain Plaintiff failed to identify specific deficiencies regarding Custer's responses to RPD Nos. 2 through 5 because Custer fully responded by producing all responsive documents found.

1    Ruling

2        The Court notes that while Plaintiff states he is challenging RPD Nos. 1 through 5, he

3    addressed only RPD Nos. 1 and 3, and asserted no argument concerning RPD Nos. 2, 4 or 5.

4    Because Plaintiff offers no specific argument regarding Custer's responses to his RPD Nos. 2, 4

5    and 5, the Court will not consider them and deny those requests. *See Grabek*, 2012 WL 113799,

6    at *1; *Womack*, 2011 WL 6703958, at *3.

7        Regarding RPD No. 1, the Court conducted a review of the operative complaints in the

8    three other prisoner civil rights actions referenced by the parties, and relied upon by Plaintiff: (1)

9    *Kang v. Custer, et al.*, No. 1:23-cv-01519-KES-CDB; (2) *Muniz v. Pfeiffer, et al.*, No. 1:19-cv-

10   00233-JLT-CDB; and (3) *Flores v. Cruz, et al.*, No. 1:15-cv-01184-DAD-BAM.[5] None of those

11   actions involve First Amendment retaliation or Fourteenth Amendment due process claims

12   against Defendant Custer. Thus, the grievances associated with those actions do not have the

13   potential to "establish Custer's intent to violate [Plaintiff's] First Amendment and due process

14   rights." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Evid. 401. As a result, Plaintiff's motion to compel a

15   further response by Custer to RPD No. 1 is DENIED.

16       Regarding RPD No. 3, Defendants provided "the related screening notices and responses

17   to log no. KVSP-0-19-000561," the only responsive document in their custody and control. Mere

18   distrust and suspicion regarding discovery responses do not form a legitimate basis to further

19   challenge responses which are facially legally sufficient. Fed. R. Civ. P. 26(g)(1) ("By signing, an

20   attorney or party certifies that to the best of the person's knowledge, information, and belief

21   formed after a reasonable inquiry …"); *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013);

22   *L.H. v. Schwarzenegger*, No. S–062042 LKK GGH, 2007 WL 2781132, at *2 (E.D. Cal. 2007).

23   The Court finds Defendant Custer's response sufficient and Plaintiff's motion to compel a further

24   response by Custer to RPD No. 3 is DENIED.

25                    ***Plaintiff's Construed Motion for Reconsideration (Doc. 62)***

26       Plaintiff filed "Plaintiffs Objections to the Magistrate Judges Recommendations on the

27   _____

28   [5] *See Chandler v. United States*, 378 F.2d 906, 909 (9th Cir. 1967) ("[A] federal district court can take
     judicial notice of its own records, and this is the established rule").

1    Defendants Motion for Summary Judgement for Failure to Exhaust" on December 2, 2024, in

2    response the Court's Order Granting Defendant Custer's Motion for Summary Judgment

3    Regarding Exhaustion of Administrative Remedies. The Court construes Plaintiff's filing as a

4    motion for reconsideration because the Court did not issue findings and recommendations as it

5    and issued a final order.[6]

6         Briefly stated, Plaintiff contends "[p]roper analysis under existing case law was not

7    followed," genuine issues of material fact exist, the Court's ruling was based on improper

8    credibility determinations, and all inferences were not made in the light most favorable to

9    Plaintiff. Plaintiff cites to subsections (1), (3), and (6) of Rule 60 of the Federal Rules of Civil

10   Procedure. He maintains the Court clearly erred at "pgs 11-16," stating he "is not required to

11   advance legal [theories] during the appeals process" because "it is enough to put the prison

12   authorities on notice that a violation" of his rights had occurred. Plaintiff states he "can now

13   infer" that Defendant Custer "could have known that the rules violation report was false." He

14   states "[t]here exists a high degree of success on appeal; as it pertains to the rules violation report

15   being inherently false, and therefore being removed from the Plaintiffs file in the interest of

16   justice and fairness; by the appeals grievance office, more than 6 years" later. Plaintiff concludes

17   that "[p]ursuant to [Rule] 59(e)[,] it would be proper to alter the order arrived at by the Magistrate

18   Judge" and relief is justified "under (b)(1)" of Rule 60.

19                              Defendants' Opposition

20        Defendants did not file an opposition to Plaintiff's filing of December 2, 2024.

21                            Applicable Legal Standards

22        Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the

23   interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*,

24   229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737,

25   749 (9th Cir. 2008). "A motion for reconsideration should not be granted, absent highly unusual

26   circumstances, unless the district court is presented with newly discovered evidence, committed

27   _____

28   [6] All parties consented to the jurisdiction of the assigned magistrate judge. Thus, this action was reassigned
     to the undersigned for all purposes, including trial and entry of final judgment, on December 14, 2023.
     (*See* Doc. 37.)

1    clear error, or if there is an intervening change in the controlling law," and it "may not be used to

2    raise arguments or present evidence for the first time when they could reasonably have been

3    raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571

4    F.3d 873, 880 (9th Cir. 2009) (internal quotations marks, citations omitted) (emphasis in

5    original).

6          Generally, a motion for reconsideration of a final judgment is brought under Rule 59(e) of

7    the Federal Rules of Civil Procedure. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.

8    1985); *see also Schroeder v. McDonald*, 55 F.3d 454, 458-59 (9th Cir. 1995). Such a motion must

9    be filed no later than twenty-eight (28) days after entry of the judgment. *See* Fed. R. Civ. P. 59(e);

10   *see also Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir.

11   2001) (a motion for reconsideration is addressed under Rule 59(e) if it is timely and addressed

12   under Rule 60(b) if beyond the deadline).

13         A motion to alter or amend judgment under Rule 59(e) asks the court to reconsider matters

14   "properly encompassed in a decision on the merits." *See Osterneck v. Ernst and Whinney*, 489

15   U.S. 169, 174 (1988). A determination under Rule 59(e) involves the following considerations:

16   (1) whether such motion is necessary to correct manifest errors of law or fact upon which the

17   judgment rests; (2) whether such motion is necessary to present newly discovered or previously

18   unavailable evidence; (3) whether such motion is necessary to prevent manifest injustice; or (4)

19   whether the amendment is justified by an intervening change in controlling law. *American Civil*

20   *Liberties Union Foundation of Southern California v. United States Immigration and Customs*

21   *Enforcement*, 347 F.R.D. 518, 524 (C.D. Cal. 2024). "A court considering a Rule 59(e) motion is

22   not limited merely to these four situations." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th

23   Cir. 2011) (citation omitted). However, reconsideration on other grounds is appropriate only

24   under "highly unusual circumstances." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th

25   Cir. 1999) (citing *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

26         Under Rule 59(e), motions for reconsideration "may *not* be used to raise arguments or

27   present evidence for the first time when they could reasonably have been raised earlier in the

28   litigation." *Kona Enters., Inc.*, 229 F.3d at 890 (emphasis in original).

1

<u>Analysis</u>

2      As an initial matter, Plaintiff's construed motion is timely. The Court entered its order

3  granting summary judgment on exhaustion grounds for Defendant Custer on November 13, 2024.

4  (Doc. 60.) Plaintiff's motion was filed 19 days later, on December 2, 2024. (Doc. 62.)

5      Next, the Court considers if granting the motion is necessary to (1) correct manifest errors

6  of law or fact upon which the judgment rests, (2) present newly discovered or previously

7  unavailable evidence, (3) prevent manifest injustice, or (4) is justified by an intervening change in

8  controlling law. *American Civil Liberties Union Foundation of Southern California*, 347 F.R.D.

9  at 524. It will also consider whether reconsideration is appropriate under "highly unusual

10  circumstances." *389 Orange St. Partners*, 179 F.3d at 665.

11      Here, Plaintiff asserts "[p]roper analysis under existing case law was not followed,"

12  genuine issues of material fact exist, the Court's ruling was based on improper credibility

13  determinations, and all inferences were not made in the light most favorable to Plaintiff. The

14  Court has reviewed its November 13, 2024, order, particularly its discussion at pages 11 through

15  16,[7] and concludes there are no manifest errors of law or fact necessitating correction. And there

16  is no newly discovered or previously unavailable evidence to consider. The Court's analysis was

17  properly performed under the appropriate legal standards. Thus, relief under Rule 59(e) would not

18  prevent a manifest injustice because Plaintiff did not properly exhaust his First Amendment

19  retaliation claim against Defendant Custer for the reasons explained in the order. Nor is there any

20  intervening change in the controlling law justifying such relief. *American Civil Liberties Union*

21  *Foundation of Southern California*, 347 F.R.D. at 524. Finally, the Court has not identified any

22  other "highly unusual circumstance" upon which Rule 59(e) relief would be appropriate. *389*

23  *Orange St. Partners*, 179 F.3d at 665; *see also Allstate Ins. Co*, 634 F.3d at 1111.

24      The party moving for reconsideration must show more than disagreement with the court's

25

---

26  [7] The Court determined Plaintiff failed to exhaust his administrative remedies regarding his First
   Amendment retaliation claim against Defendant Custer. In so doing, it considered all documentary

27  evidence, including Plaintiff's grievances and appeals, his opposition to the motion, and relevant
   deposition testimony. (Doc. 60 at 10-16.) Ultimately, the Court granted Defendant Custer's motion for

28  summary judgment and dismissed Plaintiff's First Amendment retaliation claim against Defendant Custer
   without prejudice. (*Id.* at 17.)

1    decision. *In re Worlds of Wonder Securities Litigation*, 814 F. Supp. 850, 874 (N.D. Cal. 1993),

2    *aff'd in part and rev'd in part on other grounds*, 35 F.3d 1407 (9th Cir. 1994), *cert. denied*, 516

3    U.S. 868 (1995), *cert. denied*, 516 U.S. 909 (1995); *see also Kern-Tulare Water District v. City of*

4    *Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986) (the party moving for reconsideration must

5    show more than a disagreement with the court's decision; the court should not grant the motion

6    unless there is a need to correct a clear error of law or prevent manifest injustice), *aff'd in part*

7    *and rev'd in part on other grounds*, 828 F.2d 514, *cert. denied*, 486 U.S. 1015 (1988). Plaintiff's

8    motion simply disagrees with this Court's November 13, 2024, decision.

9         In sum, the undersigned concludes Plaintiff's motion should be denied. *Allstate Ins. Co*,

10   634 F.3d at 1111; *Harvest*, 531 F.3d at 749; *Kona Enters., Inc.*, 229 F. 3d at 890; *389 Orange St.*

11   *Partners*, 179 F.3d at 665; *American Civil Liberties Union Foundation of Southern California*,

12   347 F.R.D. at 524.

13                      ***Plaintiff's Construed Motion for Reconsideration (Doc. 63)***

14        Plaintiff filed "Plaintiffs Objections to the Magistrates Judges Ruling for Sanctions Under

15   Rule 37(e)" on December 19, 2024. For the same reason set forth above, the Court construes

16   Plaintiff's filing to be a motion for reconsideration of the Court's Order Denying Plaintiff's

17   Motion for Sanctions.

18        Plaintiff contends "[p]roper analysis was not under taken in this ruling, clear error is

19   present in the decision," citing to "Federal Rules of Civil Procedure rule 59(e); and rule 60(b)(6)."

20   Plaintiff argues the Court's ruling "dismissed and/or [did] not consider" his declaration as it

21   concerns the "audio/video taped interview" at issue, resulting in clear error. Because Plaintiff

22   "has 'personal knowledge' that a taped interview took place" on August 10, 2018, and because

23   "this evidence was [never] properly disproved, all that was ever submitted was a general denial

24   by the Defendants without any evidentiary support," the Court's denial of sanctions amounts to

25   clear error. He contends he "has demonstrated by Declaratory evidence; circumstantial evidence;

26   and clearly established case law that he is entitled to sanctions under rule #37; for spoliation of

27   electronically stored information evidence." Alternatively, Plaintiff asserts he "has demonstrated

28   to the District Court that a hearing should be held before a final decision is made, so that [he] can

31

1   question the I.S.U. Lt. who conducted the interview ….” Plaintiff's motion is supported by the

2   following exhibits: Exhibit A – Office of Appeals Decision dated 9/15/2024 and Exhibit B –

3   Claimant Grievance Receipt Acknowledgment dated 10/13/2024.

4   <center>Defendants' Opposition</center>

5       Defendants oppose Plaintiff's filing because it is unsigned, citing to Rule 11(a) of the

6   Federal Rules of Civil Procedure and this Court's Local Rule 131(b). Alternatively, Defendants

7   argue Plaintiff's requested relief should be denied because Rules 59(e), 60(b), and 72(a) are

8   inapplicable and Plaintiff failed to demonstrate he is entitled to reconsideration under Local Rule

9   230(j). Defendants also assert the Court should “decline to consider Plaintiff's new claim against

10  a non-party and deny Plaintiff's request to question a non-party correctional lieutenant.”

11  Defendants ask the Court to strike Plaintiff's filing as procedural deficient, and/or to deny the

12  requested relief because Plaintiff has failed to identify any clear error, new facts, or changes in

13  the law to support such reconsideration, and to reject “Plaintiff's improperly raised claim and

14  requested hearing.” (*See* Doc. 67.)

15  <center>Applicable Legal Standards</center>

16      The standards pertaining to Rule 59(e) are provided above. Rule 60(b) provides for relief

17  from a final judgment, order, or proceeding upon a showing of the following:

18          (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
            discovered evidence that, with reasonable diligence, could not have
19          been discovered in time to move for a new trial under Rule 59(b); (3)
            fraud (whether previously called intrinsic or extrinsic),
20          misrepresentation, or misconduct by an opposing party; (4) the
            judgment is void; (5) the judgment has been satisfied, released or
21          discharged; it is based on an earlier judgment that has been reversed
            or vacated; or applying it prospectively is no longer equitable; or (6)
22          any other reason that justifies relief.

23  Fed. R. Civ. P. 60(b). Rule 60(b) “applies only to final judgments or final, appealable orders,”

24  with a final decision being “one that ends the litigation on the merits and leaves nothing for the

25  court to do but execute the judgment.” *Ewing v. Megrdle*, No. CV 12-01334 MWF AJW, 2015

26  WL 1675030, at *3 (C.D. Cal. Mar. 26, 2015) (internal citations & quotation marks omitted).

27      Rule 72 regarding non-dispositive matters provides as follows:

28          When a pretrial matter not dispositive of a party's claim or defense is

<center>32</center>

1

2   referred to a magistrate judge to hear and decide, the magistrate judge
    must promptly conduct the required proceedings and, when
    appropriate, issue a written order stating the decision. A party may
3   serve and file objections to the order within 14 days after being
    served with a copy. A party may not assign as error a defect in the
4   order not timely objected to. The district judge in the case must
    consider timely objections and modify or set aside any part of the
    order that is clearly erroneous or is contrary to law.

5

6   Fed. R. Civ. P. 72(a). Non-dispositive matters, over which magistrate judges are permitted to

7   make determinations, include evidentiary rulings, pretrial discovery matters, and the imposition

8   of sanctions for discovery abuses. *Kounelis v. Sherrer*, 529 F.Supp.2d 503, 518 (D.N.J. 2008); *see*

9   *also Dunsmore v. San Diego County Sheriff's Department*, No. 20-cv-00406-AJB-DDL, 2024

10  WL 666341, at *2 (S.D. Cal. Feb. 16, 2024) (quoting *Kounelis* and *Estakhrian v. Obenstine*, No.

11  CV 11-03480 GAC (CWx), 2012 WL 12884889, at *3 (C.D. Cal. Nov. 9, 2012)).

12      Finally, this Court's Local Rule 230(j) states, in relevant part, that a movant for

13  reconsideration must show "what new or different facts or circumstances are claimed to exist

14  which did not exist or were not shown" previously, "what other grounds exist for the motion,"

15  and "why the facts or circumstances were not shown" at the time the substance of the order which

16  is objected to was considered. *See* Local Rule 230(j).

17                      Analysis

18      First, Rule 11 requires that "[e]very pleading, written motion, and other paper must be

19  signed … by a party personally if the party is unrepresented." This rule also provides this "court

20  must strike an unsigned paper unless the omission is promptly corrected after being called to the

21  … party's attention." Fed. R. Civ. P. 11(a). Plaintiff's December 19, 2024, submission is neither

22  signed nor dated. (*See* Doc. 63 at 5.) Plaintiff did not reply to Defendants' opposition or correct

23  the omission of his signature. Thus, Plaintiff's filing is procedurally deficient. Fed. R. Civ. P.

24  11(a); *see also DeContreras v. City of Rialto*, 894 F.Supp.2d 1238, 1245 (C.D. Cal. 2012)

25  (overruling plaintiffs' objections to defendants' evidence on summary judgment where plaintiffs'

26  counsel failed to sign the document). Nonetheless, the Court will not strike the filing and will

27  briefly consider its substance.

28      Rule 72 is not applicable because it applies where a magistrate judge and a district judge

1   are assigned to an action, and one party seeks the district judge's review of the magistrate judge's

2   order concerning a pretrial, non-dispositive motion. Here, a district judge is no longer assigned to

3   the action because the matter was reassigned to the undersigned for all purposes on December 14,

4   2023, following the parties' consent to the Magistrate Judge's jurisdiction, nearly one year before

5   the order in question was issued.

6       Next, Rule 60(b) is not applicable. "Rule 60(b) permits a court, on motion and just terms,

7   to relieve a party from a final judgment, order, or proceeding .... The general purpose of the Rule

8   is to make an exception to finality." *Waetzig v. Halliburton Energy Servs., Inc.*, 145 S. Ct. 690,

9   694 (2025) (citations omitted). "Rule 60(b) ... applies only to 'a final judgment, order, or

10  proceeding.'" 11 Charles Alan Wright et al., F. Prac. & Proc. Civ. § 2852 (3d ed. 2024). The

11  undersigned's December 2, 2024, order was not final. It did not close this case, it only denied

12  Plaintiff's motions for sanctions and to strike Defendants' response. (*See* Doc. 61.) Likewise,

13  Rule 59(e) is not applicable. The order denying Plaintiff's motion for sanctions does not involve

14  "a judgment" and judgment was not entered against any party.

15      Next, there is no basis upon which to grant Plaintiff relief under Local Rule 230(j).

16  Plaintiff has failed to establish "new or different facts or circumstances" nor any "other grounds"

17  justifying the granting of his motion for reconsideration. *See* Local Rule 230(j)(3) & (4). In part,

18  Plaintiff incorrectly contends the Court did not consider his declaration in resolving Plaintiff's

19  motion for sanctions. The Court considered all related briefs (*see* Doc. 61 at 3), including

20  Plaintiff's declaration that appears at pages 8 through 11 of Plaintiff's reply to Defendants'

21  opposition. The Court finds Plaintiff's motion amounts to nothing more than disagreement with

22  the Court's ruling. That is not a basis for granting reconsideration of the Court's earlier ruling. *In*

23  *re Worlds of Wonder Securities Litigation*, 814 F. Supp. at 874; *Kern-Tulare Water District*, 634

24  F. Supp. at 665.

25      Finally, to the extent Plaintiff's filing seeks to raise a new claim concerning the identity of

26  the lieutenant who interviewed Plaintiff on August 10, 2018, it is improper. *Marlyn*

27  *Nutraceuticals, Inc.* 571 F.3d at 880; *Kona Enters., Inc.*, 229 F.3d at 890. Further, because

28  Plaintiff is not entitled to reconsideration of the Court's prior order, there is no basis to grant

Plaintiff's request to "question the I.S.U. Lt. who conducted the interview" on August 10, 2018. *Id.*

In sum, Plaintiff is not entitled to the extraordinary remedy he seeks. Disagreement with the Court's prior rulings does not warrant reconsideration. The motion will be denied.

### IV.    CONCLUSION AND ORDER

For the reasons explained above, the Court **HEREBY ORDERS**:

1.  Plaintiff's motion to compel (Doc. 48) is **DENIED in part and GRANTED in part** as follows:

    a.  Plaintiff's motion to compel further responses from Defendant Nakashyan to RPD Nos. 1, 2, 9, 13, 15, 18, 20, 21, 24 and 25 is **DENIED**;

    b.  Plaintiff's motion to compel further responses from Defendant Nakashyan to RPD Nos. 10, 12, and 17 is **GRANTED subject to this Court's *in camera review*** of the subject documents;

    c.  Defendants shall file under seal, for *in camera* review, the following documents within forty-five thirty (45) days:

        i.  PREA Confidential Investigation Memorandum for log number SAC-PREA-21-01-008;

        ii.  PREA Confidential Closure Memorandum for log number SAC-PREA-21-01-008; and

        iii.  Confidential Allegation Inquiry Memorandum for grievance log number KVSP-HC-1000843/KVSP-SC-19000013;

        iv.  Defendants shall submit a clean copy of these documents and a copy containing proposed redactions. The undersigned will then determine whether limited or redacted disclosure of these documents to Plaintiff is appropriate, subject to a protective order.

    d.  Plaintiff's motion to compel further responses from Defendant Custer is **DENIED**;

2.  Plaintiff's construed motion for reconsideration of the Court's order granting summary

judgment to Defendant Custer on Plaintiff's First Amendment retaliation claim (Doc. 62), filed December 2, 2024, is **DENIED**; and

3. Plaintiff's construed motion for reconsideration of the Court's order denying sanctions (Doc. 63), filed December 19, 2024, is **DENIED**.

IT IS SO ORDERED.

Dated:    **December 2, 2025**                    /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE