UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEREK TATE,

Plaintiff,

v.

DIANA NAKASHYAN, et al.,

Defendants.

Case No.: 1:22-cv-00624-EGC (PC)

**ORDER FOLLOWING *IN CAMERA* REVIEW OF DISCOVERY MATERIALS**

21-Day Deadline

Plaintiff Derek Tate is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

## I. RELEVANT BACKGROUND

On December 3, 2025, the Court issued its Order Granting in Part and Denying in Part Plaintiff's Motion to Compel and Order Denying Plaintiff's Construed Motions for Reconsideration. (Doc. 73.) Relevant here, the Court granted the motion to compel regarding the Request for Production of Document numbers 10, 12, and 17 subject to the Court's *in camera* review of those documents. (*Id*. at 35.)

On December 16, 2025, Defendants submitted the documents at issue for *in camera* review. (Doc. 74.)

The undersigned has conducted an *in camera* review and now enters this order.

**II. DISCUSSION**

The "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) ... is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975) (internal citations omitted). The Ninth Circuit has since followed *Kerr* in requiring *in camera* review and a balancing of interests in ruling on the government's claim of the official information privilege. *See, e.g., Breed v. U.S. Dist. Ct. for N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by *Kerr*, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege'") (quoting *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.,* 426 U.S. 394, 406 (1976)); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990), *as amended on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh'g* (May 24, 1991) ("Government personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery") (internal citations omitted).

The Court has reviewed the following documents submitted by Defendants: (1) PREA Confidential Investigation Memorandum for log number SAC-PREA-21-01-008; (2) PREA Confidential Closure Memorandum for log number SAC-PREA-21-01-008; and (3) Confidential Allegation Inquiry Memorandum for grievance log number KVSP-HC-18000843/KVSP-SC-19000013. The Court recognizes both the privileged nature of investigative reports of public safety officers and Plaintiff's need for information relevant to his claims herein.

Following review, the Court concludes the documents should be released to Plaintiff in redacted form. Briefly stated, on balance, the Court finds that disclosure of the subject documents outweighs any potential risk of institutional safety and security. *Sanchez*, 936 F.2d at 1033; *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995).

Defendants have submitted proposed redactions as concerns the Confidential Allegation Inquiry Memorandum for grievance log number KVSP-HC-18000843 and the Court finds that the redactions are appropriate. Defendants will be required to produce redacted versions of the PREA

Confidential Investigation Memorandum for log number SAC-PREA-21-01-008 and associated PREA Confidential Closure Memorandum, withholding any personal identifying information required to protect the privacy and security of correctional staff.

Further, while Defendants will be ordered to produce redacted versions of the documents at issue, the Court will issue a protective order sua sponte.

## III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1. **Within 21 days**, Defendants SHALL produce redacted versions of:
    a. PREA Confidential Investigation Memorandum for log number SAC-PREA-21-01-008;
    b. PREA Confidential Closure Memorandum for log number SAC-PREA-21-01-008; and
    c. The Confidential Allegation Inquiry Memorandum for grievance log number KVSP-HC-18000843
2. The aforementioned production is subject to the following Protective Order and its terms and conditions:
    a. The confidential documents may be submitted to the Litigation Coordinator at the institution where Plaintiff is now housed;
    b. Plaintiff will be allowed to review the confidential materials, but he may not copy them, retain them, or retain copies of them in his possession. The Litigation Coordinator at Plaintiff's institution shall allow Plaintiff up to 90 minutes to review the materials and to take notes. Plaintiff may not disclose the documents to, or discuss their content with, any other inmate, nor may any other inmate review or have possession of the materials or Plaintiff's notes;
    c. All material produced and in possession of the Litigation Coordinator shall be destroyed or returned to Defendants' counsel no later than 30 days after any trial that might be set in this matter or if any appeal is filed, whichever is the later of the two events;

d. Confidential material obtained by Plaintiff shall not be disclosed, except as is necessary to the litigation of this case or its appeal, and for no other purpose;

e. Any confidential material filed with the Court by either party shall be filed and maintained under seal;

f. Any violation of this Protective Order may be punishable as Contempt of Court and also may subject the violating party to litigation sanctions, including dispositive sanctions, in the Court's discretion;

g. Nothing in this Protective Order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having access to confidential materials to which they would have access in the normal course of their official duties;

h. The provisions of this Protective Order are without prejudice to the right of any party:

   i. To apply to the Court for a further protective order relating to this or any confidential materials;

   ii. To apply to the Court for an order removing the confidential material designation from any documents; or

   iii. To apply to the Court for an order modifying this Protective Order for good cause shown.

i. The provisions of this Protective Order shall remain in full force and effect until further order of this Court.

IT IS SO ORDERED.

Dated: **November 2, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE